# Wytheville

## S. W. LEE v. JULIUS MOORE.

June 10, 1937.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Harris, Harvey & Brown*, for the plaintiff in error.

*Coleman B. Yeatts*, for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Julius Moore, an infant, by Lee A. Moore his next friend, brought this action by notice of motion against S. W. Lee, to recover damages for personal injuries sustained by the plaintiff while riding as a guest in an automobile owned and operated by the defendant. A trial by a jury resulted in a verdict for the plaintiff in the sum of $1,000. The trial court overruled the motion of defendant to set aside the verdict and entered the judgment complained of in this writ of error.

The plaintiff was a student at Callands High School in Pittsylvania county and a member of the basket ball team. The defendant was a teacher in the school and coach of the basket ball team. The Callands school was scheduled to participate in a basket ball meet to be held at Virginia Polytechnic Institute at Blacksburg, Virginia, on December 13, 1935. The distance from Callands to Blacksburg is approximately one hundred and five miles. The basket ball team was under the sole care and supervision of defendant. Plaintiff and three fellow members of the team were guests in the automobile owned and operated by defendant. The game in which Callands was to participate was scheduled for 1:30

o'clock p. m. After the game the defendant, a former student at V. P. I., visited some of his friends in the school and at 6 o'clock p. m., with the plaintiff seated in the front seat and the three other boys in the rear seat, left Blacksburg for Callands. The weather was foggy and rainy when the party left Blacksburg and after a stop for supper at Salem, Virginia, the defendant drove to Glade Hill, at which point he left the main highway and proceeded toward Callands on a secondary road in order to decrease the distance. About two miles from Glade Hill, while rounding a curve, defendant's automobile left the highway and traveled a distance of one hundred and thirty feet. While traversing this distance the automobile ran over a ditch on the side of the road, over a pile of lumber, up a bank three feet high, and struck a tree. At the moment of impact all of the occupants of the automobile were asleep. Both plaintiff and defendant were rendered unconscious and the plaintiff suffered severe injuries.

The ground on which plaintiff bases his right of recovery is set forth in the notice of motion as follows: "* * * that you (defendant) so carelessly and improperly drove and directed your said automobile that by and through your said careless and improper conduct at a point about two miles southwest of Glade Hill on route No. 648 leading to Callands, and just before rounding a curve bending to your left, because of your gross culpable and wanton carelessness in the operation of your said automobile by falling asleep and allowing your said car to leave the above mentioned highway striking a tree causing the injuries to me herein complained of through no fault of my own as I was at that time * * * sitting on the front seat beside you. That the said automobile was by you driven along the said highway at a high rate of speed and you were grossly negligent in allowing yourself to fall asleep, causing the car to leave the said highway and causing me the damage herein complained of, * * *."

The defendant relied, as grounds of defense, upon his plea of the general issue; his denial of the commission of any acts of negligence amounting to gross, culpable or wanton care-

lessness; that plaintiff was injured to the extent claimed.

It is assigned as error that the court erred in refusing to set aside the verdict because contrary to the law and the evidence.

This assignment presents this question: Under the facts of this case, was the defendant grossly negligent in permitting himself to fall asleep?

Since the advent of the automobile so much has been said by the courts in regard to the questions of ordinary care, gross or culpable negligence, the duty a host owes to his guest while riding in an automobile and other kindred matters, that the field of judicial discussion has been fully gleaned.

There is no conflict in the evidence. The plaintiff proved by the defendant who was introduced as an adverse witness, that the usual time for defendant to retire at night was eleven o'clock; that on the night preceding the accident defendant "was working on reports and did not retire until 'round twelve or 1 o'clock;'" that on the morning of the accident he arose at 6:30 o'clock; that the occupants of defendant's automobile lived in different sections of the county and defendant drove to their various homes to get them; that he drove the entire distance from Callands to Blacksburg; that he supervised the basketball team in the game they engaged in; that he visited friends in the afternoon; that he began the return trip while it was rainy and foggy; that he fell asleep while driving and although the automobile left the highway after rounding the curve and traveled a distance of one hundred and thirty feet before running up a bank three feet high, running over some lumber near the roadway and crossing a slight ravine, the defendant did not awaken from his sleep. That the car was running at an appreciable rate of speed is evinced by the fact that it was totally destroyed when it struck a tree eight inches in diameter.

It is an uncontrovertible proposition that in the exercise of ordinary care there rests upon the operator of an automobile the duty of prevision and that one cannot

go to sleep while driving an automobile without becoming amenable to the charge of negligence.

In *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 435, 44 A. L. R. 785, this is said:

"In an ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent. It lies within his own control to keep awake, or cease from driving. And so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a *prima facie* case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven.

\* \* \* \* \* \* \* \* \*

"If such circumstances are claimed to have been proven, it then becomes a question of fact whether or not the driver was negligent; and, in determining that issue, all the relevant circumstances are to be considered, including the fact that ordinarily sleep does not come upon one without warning of its approach."

While the mere fact that the driver of an automobile "nods" at an inopportune time and an accident ensues may not be the basis for an action for damages, yet when there are evidential facts and circumstances shown which would lead an ordinarily prudent person to the conclusion that defendant's act of falling asleep was the result of physical or mental exhaustion and "no circumstances tending to excuse or justify his conduct are proven," the question then becomes one of fact and should be submitted to a jury for determination.

It was shown in the case at bar that the defendant had lost sleep due to his examination of school reports; that he had arisen at an early hour and that he had undergone physical exertion in driving the automobile a distance of over two hundred miles. The fact that the automobile could take the course it did after leaving the highway and encounter the obstructions it did without awakening the

defendant is certainly the basis of a fair inference upon the part of the jury that the defendant was the victim of physical exhaustion or mental strain. Defendant, upon regaining consciousness, admitted that he had fallen asleep but stated that he had no recollection of becoming drowsy prior to the accident.

This court, by its holding in *Boggs* v. *Plybon*, 157 Va. 30, 160 S. E. 77, having adopted the Massachusetts' rule in regard to the relationship existing between a guest and his host, the case of *Blood* v. *Adams*, 269 Mass. 480, 169 N. E. 412, 413, is pertinent authority for the proposition that where the operator of an automobile goes to sleep and an accident follows, resulting in injuries to his guest, the question of negligence becomes one of fact for the jury. In that case the court said: "* * * In the exercise of ordinary care an operator of an automobile must be able to anticipate what is coming, to see what is present and to remember what is past. Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase."

In the petition for a writ of error defendant relies upon the contributory negligence of plaintiff in falling asleep as a bar to his recovery.

In the instant case the question, even if debatable, was submitted to the jury and concluded against the defendant.

The defendant challenges the action of the court in giving and refusing instructions. In our opinion there is no merit in this assignment of error.

There is no error in the judgment of the trial court and it is affirmed.

*Affirmed.*