# Richmond

## WILLIAM H. JONES v. LAURA J. PASCO.

January 19, 1942.

Record No. 2454.

Present, All the Justices.

The opinion states the case.

*Thomas L. Woodward* and *J. J. Temple*, for the plaintiff in error.

No appearance for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

William H. Jones brought this action by notice of motion against Laura J. Pasco to recover damages for personal injuries sustained by the plaintiff while riding as a guest in an automobile owned and operated by Miss Pasco. The defendant pleaded the general issue.

At the conclusion of all the evidence, the defendant moved to strike the evidence of the plaintiff on the ground that it did not prove gross negligence. The motion was overruled, and the case was submitted to the jury on the sole issue of gross negligence. All of the seven instructions of the court, except one bearing on the amount of damages, related to or

defined gross negligence as distinguished from ordinary negligence. There was no objection to the instructions.

The jury returned a verdict for the plaintiff in the sum of $2500. The trial court granted a motion of the defendant to set it aside as contrary to the law and the evidence and without evidence to support it and entered judgment for the defendant.

The defendant was represented by counsel at the trial in the lower court. She did not appear in person or testify, nor did she contest the granting of this writ of error or reply by brief after it was granted.

The plaintiff and two witnesses called by him testified. Their evidence is short and not in conflict.

Jones and Miss Pasco had been friends for three years or more. On Saturday evening, August 19, 1939, by prearrangement between them, Miss Pasco left her home at Blacksburg, Virginia, and met Jones at a hotel in Lynchburg, Virginia. There, Jones got in her car, a 1939 Chevrolet coach, and they started out for a ride with no special destination. Subsequently, she said she would like to go to Virginia Beach and invited Jones to go with her as her guest. Jones at first told her it was too long a trip, that it was Saturday night, and that he had to be back at work on Monday morning. Upon her insistence, however, he finally consented to make the trip as her guest.

They left Lynchburg between 10:30 and 11:00 p. m. Just outside of that city, Jones took the wheel and drove on through Richmond and then towards Petersburg. Miss Pasco slept a portion of the time before they reached Richmond. On reaching Petersburg, they stopped at a service station and got coffee and sandwiches. When they resumed their journey, Miss Pasco said she would like to drive and took the wheel and started off. She was driving rather fast and Jones told her to slow down because they had plenty of time. After they had passed through Petersburg, he again warned her as to her speed. Thereafterwards, Jones said that he closed his eyes "to catch a few winks of sleep"; and that

he was not completely asleep—"just half way," when he felt the car leave the road and hit a tree. He then lost consciousness. The car was badly damaged and Jones was seriously and permanently injured. He spent eight weeks in the hospital under medical supervision.

The accident occurred about five a. m., on a four-lane main State highway, Route 460. The road is a straight, concrete highway, forty feet wide, with shoulders in addition. There was little traffic on the road, and there was no collision with any other car.

Jones testified that when he was in the hospital, the defendant told him she was sideswiped and driven off the road; then again that she went to sleep and the car left the road; and still later that she did not know what happened. The mother of Jones said that she heard Miss Pasco, at another time, say that she "must have gone to sleep, or something."

Contributory negligence was not relied on as a defense. No circumstances tending to excuse or justify the conduct of the defendant was offered.

In *Lee* v. *Moore*, 168 Va. 278, 191 S. E. 589, Mr. Chief Justice Campbell, speaking for this court, said:

"It is an uncontrovertible proposition that in the exercise of ordinary care there rests upon the operator of an automobile the duty of prevision and that one cannot go to sleep without becoming amenable to the charge of negligence."

It is within the driver's control to be awake or cease from driving. Sleep does not ordinarily come without some warning of its approach. One who goes to sleep while driving necessarily relaxes the vigilance which the law requires and the instinct of self-preservation demands. In the absence of circumstances tending to excuse or justify such conduct, evidence of such an act makes a *prima facie* case of want of proper care. *Bushnell* v. *Bushnell*, 103 Conn. 583, 131 A. 432, 44 A. L. R. 785.

Whether or not such negligence amounts to gross

negligence is a question for the jury under the peculiar circumstances of each case.

We have adopted the Massachusetts rule with respect to the duty owed by a host driver to his guest.

In considering the question of negligence where the operator of an automobile goes to sleep and an accident follows, resulting in injuries to his guest, it was said in *Blood* v. *Adams*, 269 Mass. 480, 169 N. E. 412:

"In the exercise of ordinary care an operator of an automobile must be able to anticipate what is coming, to see what is present, and to remember what is past. Voluntarily to drive an automobile on a public street at any time of day or night with eyes closed, or to yield to sleep while operating such kind of dangerous machine as is an automobile on a public highway, is to be guilty of a degree of negligence exceeding lack of ordinary care, and is a manifestation of recklessness which may be found by judge or jury to be gross negligence within any reasonable definition of that phrase."

The evidence in this case is that there was no collision with another automobile. There was naught to show that there was anything in the nature of the road or a defect in the car to cause the accident. The defendant was quoted as saying that it occurred because she was asleep. There was no other uncontradicted explanation. That she was asleep is the only reasonable explanation, under the circumstances, why the car, under her control, left the wide expanse of a smooth, clear, straight and broad highway and crashed against a tree with such force as to demolish the automobile and gravely injure one of its occupants. We do not know what speed the car was making at the time of the accident; but any speed was too fast while she was driving asleep or with her eyes closed.

The evidence was sufficient to justify the finding of the jury that Miss Pasco was guilty of gross negligence. She invited disaster by an exceeding lack of ordinary care. The consequences were such as may always be expected under like circumstances.

For its error in setting aside the verdict of the jury and in entering judgment for the defendant, the final judgment of the trial court will be reversed, the verdict of the jury reinstated, and final judgment entered here for the plaintiff.

*Reversed.*