# Richmond

## William D. Lipscomb v. B. Monroe O'Brien.

April 26, 1943.

Record No. 2650.

Present, All the Justices.

The opinion states the case.

*Parrish, Butcher & Parrish*, for the plaintiff in error.

*Thomas A. Williams* and *L. C. O'Connor*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

In the court below B. Monroe O'Brien instituted an action against William D. Lipscomb for personal injuries received when the latter's car, in which Mr. O'Brien was a guest, left the roadway and collided with a tree. A verdict and judgment were recovered in favor of Mr. O'Brien for $5,000.

The plaintiff and the defendant lived at Highland Springs, near Richmond, but worked in the navy yard at Washington, D. C. They usually drove to their homes for the week ends. On the day of the accident Mr. Lipscomb was using his car and invited Mr. O'Brien to go with him. They were joined by a Mr. Barnett.

Mr. Lipscomb roomed at the home of Mrs. Hammond in Washington. She testified that on the 19th day of April, 1940, the day of the accident, he was working on the night shift and that he did not come to his room until 3:30 P. M. on that day. She testified that at the request of Mr. O'Brien she awakened Mr. Lipscomb around 5 P. M., and this gave him time for only one and a half hours sleep during the prior twenty-four.

They left Washington after 5 P. M. and were driving on U. S. Highway No. 1 about one mile north of Ashland where the accident occurred at 8 o'clock that night. It was raining and the road was wet. As they approached a curve Mr. Lipscomb did not seem to apprehend it. Mr. O'Brien holloed at him four or five times telling him to watch for the trees. He aroused, the car "speeded up," then he applied the brakes and the car turned completely around two or three times in the road and collided with a tree. This resulted in the injuries to Mr. O'Brien. The car was being driven at 50 to 55 miles per hour just before the curve was reached and before the speed was increased. There is ample evidence that Mr. Lipscomb was asleep at the steering wheel immediately before the accident.

Counsel for the plaintiff in error vigorously argues that there was a material variance between the allegation in the

declaration and the proof. The allegation was: "Yet, the said defendant, disregarding his said duty and duties, on or about the 19th day of April, 1940, carelessly, culpably and with gross negligence ran and operated his said automobile southwardly on the said highway, Route No. 1, without exercising proper care and caution, without having his said automobile under proper control, at a high, dangerous and excessive rate of speed under the circumstances and conditions then existing, without keeping a proper lookout and failed to properly and timely apply the brakes on his said automobile, and did operate the same on the wrong and improper side of said highway and violated the traffic laws for such cases made and provided, and as a direct result thereof ran his said automobile off of the left-hand and wrong side of said highway into a tree, whereby the plaintiff, a passenger in said automobile, was grievously and seriously injured. * * * "

Counsel contends that the failure of the plaintiff to specifically allege that the defendant was asleep at the time of the accident prevents him from grounding his recovery upon that fact.

At the time of the completion of the plaintiff's evidence the defendant moved to strike all the evidence tending to show that the defendant was asleep at the time because this had not been alleged as a ground of recovery. The motion was overruled. It was renewed after the completion of all the evidence and again overruled.

The declaration specifically alleges among other things that the defendant failed to keep a proper lookout, but counsel for the defendant asserts that the allegation of failure to keep a proper lookout does not embrace or include the charge of failure to keep awake while driving. In other words, they contend that a recovery could have been predicated upon (1) defendant's failure to keep a proper lookout or (2) his negligence in permitting himself to go to sleep while driving. They claim that in the absence of any allegation of the defendant being asleep at the wheel, no recovery could be had for that negligence and there being

no other evidence of gross negligence, the variance was fatal and now requires a reversal of the judgment.

It is conceded that counsel for the plaintiff in his opening statement to the jury made known that the plaintiff would rely on the negligence of the defendant in going to sleep while driving. Therefore, the defendant was not taken by surprise.

■ ■ It is quite true that the allegations and the proof must correspond; however, in Virginia the old technical rules of common law pleading have been substantially relaxed and now a general allegation of negligence is ordinarily sufficient. If the defendant desires more particularity, he may ask for and receive a bill of particulars. It is not necessary to allege or particularize one's evidence in a declaration.

The case at bar is not one where liability is sought on one ground and a recovery has been had upon another. Here the declaration alleged gross negligence on the part of the defendant; that he failed to exercise proper care; that he did not have the automobile under control; that it was operated at excessive speed without a proper lookout; that he improperly applied his brakes; and that he operated his automobile on the wrong side of the road.

■ The evidence of the plaintiff disclosed that the defendant, who had had just one and a half hours of sleep in the prior twenty-four, was asleep at the steering wheel immediately before the accident; that it was raining and the road was wet; that he was driving immediately before the accident at 50 and 55 miles per hour; that when he was aroused he increased his speed and then applied the brakes and that the car turned around three times and struck a tree. This evidence abundantly sustains the allegations of the declaration and from it the jury reasonably could have concluded that the defendant was grossly negligent.

■ The defendant's failure to keep awake under the circumstances was plainly embraced within the broad and general allegations of the declaration. To fall asleep at the steering wheel is a clear violation of the duty to keep a proper lookout.

In 5 Am. Jur., Automobiles, paragraph 180, it is said: "In an ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, *i. e.*, without having been negligent. The choice of keeping awake or ceasing from driving lies with him. The mere fact that one driving an automobile permits himself to go to sleep justifies an inference of negligence sufficient to make a prima facie case in favor of one injured by the car while he is in that condition, if no circumstances tending to excuse or justify his conduct are proved. It is recognized that there may be circumstances under which falling asleep is not negligence. Whether or not going to sleep is negligence rendering a person liable for injury caused by his car while he was running it in that condition is a question of fact upon consideration of all the circumstances, including the fact that sleep does not come upon one without warning of its approach."

See also 64 A. L. R. 136, 86 A. L. R. 1147, 96 A. L. R. 1481, and 138 A. L. R. 1388.

In Virginia, whether it is gross negligence for a defendant to fall asleep while driving an automobile, rendering him liable to his guest, is a jury question. *Lee* v. *Moore*, 168 Va. 278, 191 S. E. 589; *Jones* v. *Pasco*, 179 Va. 7, 18 S. E. (2d) 258, 138 A. L. R. 1385. See also The Law of Automobiles (Michie) par. 76.

The plaintiff's case does not rest solely on the ground that the defendant was asleep. In addition to that ground of negligence, after he had been awakened by the plaintiff, the defendant took affirmative action in two respects which the jury could have found to have been negligence. He accelerated the speed of the car, which immediately previous to the accident, was being driven at 50 to 55 miles per hour in the night time when it was raining and the road was wet. He also applied his brakes which caused the car to turn around two or three times in the road. He surely could have foreseen that an application of brakes under the circumstances likely would have caused the car to skid and turn in the road.

Complaint is made of the granting of instruction 1-A. This instruction outlined the duties of the defendant. He was required to drive at a reasonable speed; to keep a reasonable lookout; to keep his car under proper control and to drive it upon the right side of the road. The jury were told that if the defendant violated any two or more of those duties they might find him guilty of gross negligence which had been defined in instruction E-1.

The objection to instruction 1-A is that inasmuch as the plaintiff's entire case was grounded upon the failure of the defendant to keep awake, the enumerated duties outlined in the instruction were not applicable. This objection is without merit because the plaintiff's case was not based on the sole ground that the defendant was asleep at the steering wheel. The jury could have found from the evidence introduced for the plaintiff that the defendant was driving too fast; that he did not keep a lookout; that he did not have his car under control and that he was driving on the wrong side of the road. Even after he was awakened, he violated several of the duties outlined in the instruction. He accelerated the speed of the car; he applied the brakes; he lost control and drove on the wrong side of the road.

Whether the defendant was guilty of gross negligence under all the circumstances was for the jury. Their verdict is sustained by the evidence. The judgment is accordingly affirmed.

*Affirmed.*