## CIRCUIT COURT OF THE CITY OF ROANOKE

Joseph J. Cunningham

 v.

Roanoke Regional
Airport Commission

March 8, 2006

Case No. CL05-593

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on the defendant's demurrer. For the reasons stated, the demurrer is overruled.

*Facts*

Walking inside the passenger terminal facility at the Roanoke Regional Airport, the plaintiff alleges he slipped and fell on a "wet and hazardous floor." Motion for Judgment, ¶ 3. He contends that he was injured. He claims the defendant's failure to exercise reasonable care in alleviating the hazardous condition and failure to adequately warn the public that such hazards existed constitutes ordinary and gross negligence.

The defendant demurs contending that the facts alleged are sufficient for simple negligence but not for gross negligence. Defendant argues that the lack of specificity in pleading gross negligence is a fatal flaw and further contends the gross negligence claim should be dismissed with prejudice. Plaintiff responds that gross negligence may be alleged without specifying the particulars.

274

*Issue*

Does a claim of gross negligence, without specific factual allegations in the pleadings, survive demurrer?

*Analysis*

The Supreme Court of Virginia has clearly stated the well-settled principles regarding demurrers. Specifically:

> The purpose of a demurrer is to test the legal sufficiency of a pleading. *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001). "A demurrer admits the truth of all properly pleaded material facts. `All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading'." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1992) [internal quotations omitted]. However, a demurrer does not admit the correctness of the conclusions of law found in the challenged pleading. *Id.*

*Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131, 575 S.E.2d 858 (2003).

Because all material facts are taken as true on demurrer, "the sole question to be decided by the trial court is whether the facts . . . are legally sufficient to state a cause of action against the defendant." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001).

The degrees of negligence are well-settled in Virginia. The three levels of negligence are (1) ordinary or simple, (2) gross, and (3) willful, wanton, and reckless. *Griffin v. Shively*, 227 Va. 317, 315 S.E.2d 210 (1984). Willful, wanton, and reckless negligence has not been pleaded here and is not at issue.

Simple or ordinary negligence is defined as "that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury to another". *Id.* at 321, 315 S.E.2d at 213. Gross negligence is "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of another. It must be such a degree of negligence as would shock fair minded men although something less than willful recklessness." *Ferguson v. Ferguson*, 212 Va. 86, 92, 181 S.E.2d 648, 653 (1971). Gross negligence is

a higher standard than simple negligence. The defendant stresses that when gross negligence is alleged a more particular statement of facts is needed in the pleadings.

The Defendant relies on *Frazier v. City of Norfolk*, 234 Va. 388, 362 S.E.2d 688 (1987), for the proposition that failure to allege facts supporting gross negligence requires dismissal. In *Frazier*, a thirteen-year-old boy fell off a platform and was injured. The trial court dismissed the claim of gross negligence, and the Supreme Court affirmed the decision. The Supreme Court stated that the "acts or omissions of the city did not rise to that degree of egregious conduct which can be classified as a heedless, palpable violation of rights showing an utter disregard for prudence." *Id.* at 393, 362 S.E.2d at 691.

*Frazier* is distinguished from the present case by the timing of the dismissal of the gross negligence claim. The Court decided that the plaintiff had not made a *prima facie* case of gross negligence only *after* the evidence had been heard. *Frazier* does not clarify what, if any, specificity is required in *pleading* gross negligence versus simple negligence.

More pertinent to the current dispute is *Koffman v. Garnett*, 265 Va. 12, 574 S.E.2d 258 (2003). In *Koffman*, a thirteen-year-old was participating in the school's football program. During practice, a coach performed a tackling demonstration on the child, breaking his left arm. The defendant demurred, arguing that the plaintiff's motion for judgment did not allege sufficient facts to support the lack of consent to the tackling demonstration and, therefore did not plead a cause of action for gross negligence. *Id.* at 15, 574 S.E.2d at 260. The trial court agreed and dismissed the action, stating that the facts alleged were insufficient to state a cause of action for gross negligence. *Id.* at 15, 574 S.E.2d at 260. The Supreme Court of Virginia reversed the trial court stating that "Whether certain actions constitute gross negligence is generally a factual matter for resolution by the jury and becomes a question of law only when reasonable people cannot differ. . . . Because reasonable persons could disagree on this issue, a jury issue was presented, and the trial court erred in holding that, as a matter of law, the second amended motion for judgment was inadequate to state a claim for gross negligence." *Id.* at 16, 574 S.E.2d at 261 (citing *Griffin v. Shively*, 227 Va. 317, 320, 315 S.E.2d 210, 212 (1984)).

The Supreme Court of Virginia has not only addressed this issue in case law but also in its rules. Rule 3:18(b)[1] is clear on its face, stating "An

---

[1] Va. Sup. Ct. R. Pt. 3, 3:18(b) (2006). (Formerly Rule 3:16 of the Rules of the Supreme Court of Virginia (modified January 12, 2006)).

276

allegation of negligence or contributory negligence is sufficient without specifying the particulars of the negligence." Rule 3:18(b) does not differentiate between the varying degrees of negligence or the requirements to properly plead any one of them. Inferentially, gross negligence need not be pleaded differently than other degrees of negligence. Due to the unambiguous language, it is apparent that if higher degrees of negligence required particularity when pleaded, Rule 3:18(b) would have explicitly required as much.

The pleadings are not required to assert anything more than a general allegation of negligence. The defendant's demurrer is overruled. If the defendant desires a more particular statement from the plaintiff, a bill of particulars may be propounded. *Lipscomb v. O'Brien*, 181 Va. 471, 475, S.E.2d 261, 263 (1943). "If the defendant desires more particularity, he may ask for and receive a bill of particulars. It is not necessary to allege or particularize one's evidence in a declaration." *See* Rule 3:7 of the Rules of the Supreme Court of Virginia.