### WAALER v. GREAT NORTHERN RY. CO.

1. Where railroad employes were directed to build a snow fence on property not owned by the railroad, and in compliance with a request of the owner one of her servants went to the crew and remonstrated with them, forbade them to erect the fence there, and demanded the removal thereof, whereupon, at the instance of the foreman of the crew, commanding one of his men to "go after" the owner's servant, he was set upon and beaten, the assault was not within the scope of the authority of the railroad company's employe, and hence the railroad was not liable therefor.

2. An allegation, in a complaint in an action against a railroad for an assault and battery committed on plaintiff by an employe of defendant, that the assault was made while defendant's employe was acting within the scope of his authority, in the absence of allegation that the employe was expressly or impliedly authorized by the defendant to commit the assault, is a mere conclusion.

(Opinion filed Oct. 19, 1904.)

Appeal from circuit court, Codington county; Hon. JULIAN BENNETT, Judge.

Action by Lars O. Waaler against the Great Northern Railway company.    From an order overruling a demurrer to the complaint, defendant appeals.    Reversed.

*R. A. Wilkinson* and *Winsor & McNaughton,* for appellant.
*George W. Case,* for respondent.

CORSON, P. J.    This is an appeal from an order overrul-

ing the demurrer interposed by the defendant to plaintiff's complaint. The action was instituted to recover damages for an alleged assault and battery committed by one of the defendant's employes upon the person of the plaintiff. The plaintiff, in his complaint, alleges, in substance, that the defendant is a railroad corporation; that on the 26th day of January, 1903, and for a long time prior thereto, one Berit Pramhus was the owner and in possession of certain real estate described in the complaint; that upon the said 26th day of January the said defendant, under instructions of one of its general superintendents, ordered and commanded its section crew, of which Henry Doust was foreman and Edward Faust was one of the laborers, together with other men, to enter upon the premises above described, belonging to the said Berit Pramhus, adjacent to the defendant company's right of way, and a distance of not less than 50 feet from the outside of the said right of way, for the purpose of building and constructing a snow fence, which said entry was made upon the said premises without the consent of the said Berit Pramhus, and against her protest; that the said Henry Doust was the foreman in charge of the said section crew, and with the authority of the said defendant company, who performed the act complained of, and his crew of men, including the said Edward Faust, were attempting to build and construct the snow fence upon the land aforesaid; and said Berit Pramhus instructed the said plaintiff to go to the said Henry Doust, as foreman of said section crew, and to advise him not to place said snow fence upon said land, and to remonstrate with, and to forbid them so to do; that the plaintiff, complying with such request, and in obedience to the commands of said Berit Pramhus, for whom he was then employed, went to

the said Henry Doust, foreman of the said section crew, and to said crew, and remonstrated with them, and forbade them to erect and construct a snow fence upon said land, and demanded of them that they remove the same therefrom, whereupon, at the instance and request of the said Henry Doust, the section foreman as aforesaid, acting in behalf and for the benefit of the said defendant company, commanded the said Edward Faust to "go after" the said plaintiff, and thereupon the said Edward Faust did willfully and wantonly, and with force and arms, and without any just provocation therefor, beat and strike this plaintiff with his clenched fist, thereby knocking him down, and did then and there kick this plaintiff roughly and viciously with both of his feet in the side, whereby and on account of said willful and malicious striking and kicking by the said Edward Faust of this plaintiff, and while the said Edward Faust was acting for and in behalf of the said defendant company, he did cause the face of the said Lars O. Waaler to become sore, swollen, and bleeding, and did fracture and break one or more of the ribs of the said Lars O. Waaler, thereby causing him great bodily harm, suffering, and injury, rendering him unable to perform manual labor; all to his damage in the sum of $1,500. The demurrer to the complaint was interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The question for determination by this court is, can the railroad company be held liable, upon the facts as stated, for the act of Edward Faust in assaulting and beating the plaintiff.

It will be observed that the defendant, through its general agent, directed its section foreman or boss to construct a snow fence on the land of Berit Pramhus without the line of the

railroad property, and that the section foreman took with him certain of his crew, among whom was Edward Faust, to perform the work as directed to be done; that while constructing the said fence the plaintiff, under the instruction of Berit Pramhus, the owner of the land, forbade them to erect the same and requested them to remove the part completed therefrom; that thereupon the foreman directed said Faust to "go after" the said plaintiff, and thereupon the said Faust did "willfully, wantonly, and with force and arms, and without just provocation therefor, beat and strike the plaintiff," and continue his assault upon him by striking and kicking him, resulting in serious injuries to the plaintiff. It is contended by the appellant that in making this assault upon the plaintiff, neither Faust, who made the actual assault, nor the foreman, who instructed him to make it, were acting in the line of their duty as employes of the company, and that the assault so made was the wilful and malicious act of the foreman and of said Faust, for which the defendant company is not liable. It is insisted by the respondent in support of the court's ruling upon the demurrer that the acts of the foreman and Faust were done by them in futherance of their employment, and was within the rule laid down by the courts holding the principal liable for the acts of its employes. The rule applicable to this class of cases is thus stated by the supreme court of Connecticut in Stone v. Hills, 45 Conn. 47, 29 Am. Rep. 635: "For all acts done by a servant in obedience to the express orders or directions of the master, or in the execution of the master's business, within the scope of his employment, and for acts in any sense warranted by the express or implied authority conferred upon him, considering the nature of the services required, the

instructions given, and the circumstances under which the act
is done, the master is responsible; for acts which are not with-
in these conditions, the servant alone is responsible." Of these
conditions of liability the one under which the present case
comes, if it comes under any of them, is the one for acts done
"in the execution of the master's business within the scope of
his employment." While the rule itself is simple, there is
great difficulty in its application, for the reason that in many
cases it is not easy to determine when the employe is acting
in the execution of the master's business and within the scope
of his employment. It is clear from the allegations in the com-
plaint that the defendant owed no duty, by contract or other-
wise, to protect the plaintiff from the willful assault of its em-
ployes, and it does not appear from these allegations that the
foreman or employes were expressly or impliedly authorized
to commit the assault complained of upon the plaintiff. The
plaintiff was not interfering with the act of the foreman and
employes in erecting the fence they were ordered to erect, nor
did he threaten to interfere with them. He simply performed
the duty imposed upon him by the owner of the property to
remonstrate with them against erecting the fence and request
them not to proceed further. The act of the foreman in
directing the employe and the act of the employe
in assaulting the plaintiff were clearly without the
scope of their authority. The facts, as disclosed by
the complaint, bring the case within the principles of the
case of Holler v. Ross (decided in 1902), 68 N. J. Law 324, 53
Atl. 472, 59 L. R. A. 943, 96 Am. St. Rep. 546, in which the
court of errors and appeals of New Jersey held that "the serv-
ant of the master cannot bind the master to respond in dam-

ages to the plaintiff unless it is shown that the act which the servant did, which caused the injury, was an act which was expressly or by necessary implication within the line of his duty under his employment;" and that learned court held that the trial court erred in refusing to direct a verdict for the defendant. The facts in that case are quite analogous to those in the case at bar. The defendant was the owner of personal property situated upon a wharf, and the servant who made the assault complained of was employed by the defendant to guard the property and prevent its being stolen. Early in the evening three men appeared upon the wharf, among whom was the plaintiff, and upon demand of the servant refused to throw up their hands, and started to run away, the plaintiff was shot and seriously wounded by the servant; but it did not appear that the plaintiff or those with him attempted in any manner to interfere with the goods of the defendant, and the court, after a very full discussion of the question and consideration of the authorities, concludes its opinion as follows: "When the plaintiff rested its case the defendant moved to 'nonsuit because there is no testimony in this case which would, if true, operate to bind the defendant.' A careful examination of the plaintiff's proof makes it clear that such was the fact. The shooting by the servant of the defendant was not, under the proof made by the plaintiff, shown to have been done while the servant was acting within the lines of his duty or employment, and nonsuit should have been granted. Its refusal was error, and for this cause judgment should be reversed." We shall not attempt to review the numerous cases bearing upon this question and shall only cite a few in support of the view we take of the case. Henry v. Pittsburgh Ry. Co., 139 Pa. 289, 21 Atl. 157;

Vanderbilt v. Richmond Turnpike Co., 92 N. Y. 479, 51 Am.
Dec. 315; Sagers v. Nuckolls (Colo. App.), 32 Pac. 187; Dolan
v. Hubinger (Iowa), 80 N. W. 514; Holler v. Ross (N. J. Err. &
App.), 53 Atl. 472, 59 L. R. A. 943, 96 Am. St. Rep. 546; Ry.
Co. v. Divinney (Kan.), 69 Pac. 352; Isaacs v. Third Ave. Ry.
Co., 47 N.Y. 122, 7 Am. Rep. 418. The learned counsel for the
plaintiff has cited a large number of authorities, but they are
mostly railroad cases, in which parties have been assaulted or
injured by conductors, trainmen, or station agents, and where
the defendant was held to owe a duty to passengers to protect
them from assaults and ill treatment while transporting them
on their trains. It is true it is alleged in the complaint in the
case at bar that the assault of the employe was made while act-
ing within the scope of his authority, but this is the statement
of a conclusion of law, and not of a fact. From the facts stat-
ed it is the duty of the court to determine whether or not the
employe was in fact acting at the time of making the assault
within the line of his duty as such employe in this case, as
the facts are fully set out in the complaint, and for the pur-
pose of the decision upon the demurrer, must be taken to be
true.

Our conclusion is that the circuit court erred in overrul-
ing the demurrer, and the order of that court is reversed.