GIFFORD v. DICE.

1. MOTOR VEHICLES—ORDINARY NEGLIGENCE—GUEST PASSENGERS.
   Motor vehicle owner who is guilty of ordinary negligence only cannot be held liable for injuries to his guest passenger under the guest act (1 Comp. Laws 1929, § 4648).

2. SAME—GUEST PASSENGERS—CONDITION OF CAR—TIRES.
   Guest passenger of motor vehicle owner accepts conveyance in condition as maintained by latter for his own use and latter . is not required to keep it in such repair as to avoid possibility of an accident, nor to replace worn tire with another so as to prevent a blowout (1 Comp. Laws 1929, § 4648).

3. SAME—DIRECTED VERDICT—TIRES.
   Directed verdict in action by guest passenger at close of opening statement of plaintiff's counsel *held*, proper, where sole basis for liability of defendant motor vehicle owner host was alleged to have arisen from blowout of left front tire causing him to lose control of car and have collision with another vehicle (1 Comp. Laws 1929, § 4648).

Appeal from Kent; Perkins (Willis B.), J. Submitted October 10, 1934. (Docket No. 57, Calendar No. 38,025.) Decided December 10, 1934.

Case by Dorothea Gifford against James Dice for injuries received while a guest passenger in defendant's automobile. Judgment for defendant on directed verdict. Plaintiff appeals. Affirmed.

*Charles F. Hext,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendant.

WIEST, J. Plaintiff was a guest riding with defendant in his automobile when the left front tire

blew out, causing defendant to lose control of the car and resulting in a collision with an approaching truck and injuries to plaintiff. Plaintiff brought the suit at bar under the so-called guest act, 1 Comp. Laws 1929, § 4648, to recover damages, alleging that defendant was guilty of gross negligence or wilful and wanton misconduct in driving the car with knowledge of the worn and weakened condition of the tire. The court directed a verdict of not guilty upon the opening statement of counsel for plaintiff. Plaintiff reviews by appeal.

We accept the statement that the tire was worn through the tread and a large part of the fabric lining and defendant was aware of the fact. With such condition of the tire was it wilful and wanton misconduct toward plaintiff, as his guest, to drive the car for a considerable distance on a concrete pavement? Defendant, if guilty of ordinary negligence only, cannot be held liable under the guest act.

A guest in an automobile accepts the means of conveyance in the condition it is maintained by the owner, and cannot predicate an action for gross negligence or wilful and wanton misconduct upon failure of the owner to inspect the car and keep it in such repair as to avoid the possibility of an accident. So, in this case, defendant owed no duty to plaintiff as his guest to keep the car tire in such a condition of repair as to prevent a blowout or to replace the worn tire by another. The owner of a car, under circumstances such as in the case at bar, is only required to provide his guest with the conveyance he provides for himself.

We are not here concerned with the question of whether a different rule applies when there is a different relation between passenger and owner. It may be ordinary negligence for an automobile owner

to drive a car with worn or defective tires, as it was in former days for a farmer to drive a wagon with a wheel likely to "dish," but such is not the degree of negligence bringing a cause of action to a guest who may be injured while riding in such a faulty conveyance. There is no wilful and wanton misconduct on the part of an owner in driving a car needing repair and there is no different rule when he extends the aid of his conveyance gratuitously to another. Any different rule would permit a hitchhiker to mulct an owner for not keeping his car in repair. Defendant, for his own purposes, had a right to get all the use he could out of the tire, and his own purposes were not curtailed nor liability entailed by reason of plaintiff becoming his guest.

Counsel for plaintiff did not state a cause of action under the guest act and there was no error in directing the verdict.

The judgment is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.