### PERKINS *v.* ROBERTS.

1. AUTOMOBILES—SLEEP—WANTON AND WILFUL MISCONDUCT—GUEST PASSENGERS.

   Under the guest passenger act, motorist who is overcome by sleep is not guilty of wanton or wilful misconduct unless it appears that he continued to drive in reckless disregard of premonitory symptoms (1 Comp. Laws 1929, § 4648).

2. SAME—SLEEP—REFRESHING—NEGLIGENCE—WANTON AND WILFUL MISCONDUCT—GUEST PASSENGERS.

   Motorist who felt drowsy while driving at about one o'clock in the morning, stopped his car, got out, walked about, smoked a cigarette, and, feeling refreshed, got into his car and continued driving, and fell asleep without warning *held,* guilty of negligence but not guilty of wanton and wilful misconduct since latter term as used in the guest passenger act differs in kind and not merely in degree from ordinary negligence (1 Comp. Laws 1929, § 4648).

Appeal from Eaton; McPeek (Russell R.), J. Submitted June 5, 1935. (Docket No. 31, Calendar No. 38,157.) Decided September 9, 1935.

Case by Vino Perkins, guardian of the estate of Maxine Perkins, a minor, against George Roberts and Lewis R. DuRoy for personal injuries received in an automobile collision. From judgment for plaintiff against defendant DuRoy, he appeals. Reversed.

*C. B. Fisk Bangs,* for plaintiff.

*Kelley, Sessions, Warner & Eger,* for defendant DuRoy.

WIEST, J. Upon trial before the court, without a jury, defendant Lewis R. DuRoy, hereinafter called

defendant, was found guilty of wanton and wilful misconduct, in that, while driving his automobile with Maxine Perkins as his guest, he fell asleep, drove on the wrong side of the highway and into collision with an approaching car and for this, under the guest act (1 Comp. Laws 1929, § 4648), he was cast in damages to his guest who was injured.

The parties were keeping company and, July 14, 1932, drove from Charlotte to Lansing to visit friends and, upon the return trip at about one o'clock the next morning, Miss Perkins fell asleep and shortly after they left Lansing defendant felt drowsy, stopped his car, got out and walked about, smoked a cigarette and feeling refreshed got into his car and continued driving and, he claims, he fell asleep without warning, awakened to find his car on the left side of the highway and another car approaching with which he came into collision. Miss Perkins being asleep knew nothing about the cause of the accident.

Plaintiff called defendant as a witness. His evidence disclosed that, when first drowsy, he heeded the warning, stopped his car and took measures to refresh himself, then resumed his driving and was suddenly and without warning overcome by sleep.

A driver overcome by sleep is not guilty of wanton or wilful misconduct unless it appears that he continued to drive in reckless disregard of premonitory symptoms.

Defendant was guilty of negligence, *Devlin* v. *Morse*, 254 Mich. 113, but not guilty of wanton and wilful misconduct. *Boos* v. *Sauer*, 266 Mich. 230.

The guest statute provides:

"That no person, transported by the owner or operator of a motor vehicle as his guest without

payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought." (1 Comp. Laws 1929, § 4648.)

The term "wanton and wilful misconduct," as employed in the guest act, differs in kind and not merely in degree from ordinary, actionable negligence, for the term carries more than a "vituperative epithet."

As said in *Stout* v. *Gallemore,* 138 Kan. 385, 393 (26 Pac. [2d] 573), of a similar statute:

"The statute would be ineffective, also, if the liability from which it relieved operators of automobiles were reestablished by the use of exaggerated terms to describe negligence."

The judgment is reversed without a new trial, and with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.