MARTINS, Respondent, v. KUETER, Appellant.

(274 N. W. 497)

(File No. 8054. Opinion filed July 9, 1937)

*John C. Mundt* and *Tom Kirby,* both of Sioux Falls, for Appellant.

*Louis H. Smith,* of Sioux Falls, for Respondent.

RUDOLPH, P. J. The only question presented in this case is the sufficiency of the evidence to support the verdict. The plaintiff having recovered a verdict, we will state the evidence in its light most favorable to her. The plaintiff sustained injuries when an automobile driven by the defendant and in which she was riding, turned over as defendant attempted to negotiate a turn in the road. The plaintiff is a girl sixteen years of age, and the defendant is a man forty-six years of age. On the evening of April 11, 1936, the plaintiff and three other girls met the defendant on the streets of Humboldt, S. D., and together they went into the "Rex Bar" and consumed a pitcher of beer. After drinking the beer, the four girls and the defendant and a Mr. Mathews entered defendant's car and drove south of Humboldt. On the trip the defendant drove about 70 miles an hour and "swerved the car from side to side, zigzagged back and forth." The girls complained about the speed and manner of driving and asked that they be taken back to town, which request was granted, but after arriving in town defendant refused to let the girls out of the car and told

them: "You are going for this ride whether you like it or not." Defendant then drove the car west of Humboldt and on this drive "drove the car not less than eighty miles an hour." Defendant told the girls he was taking them for a "thrill ride." We quote a portion of the testimony:

"This was after dark and the road was hilly. The sensation I had when we went over the hills was that we just floated over them. Coming down the Parker hill I hollered. I don't know what I said. The others told him not to be so reckless. The defendant didn't say anything. At the time one of the girls said to him, 'Stop Frank, you can't tell what is at the bottom of these hills.'"

After driving about 3 miles on this road and in the manner above described, the defendant attempted to negotiate a turn in the road at a time when he was driving his car not less than 70 miles an hour. The car turned completely over and the plaintiff was severely injured. The defendant had lived in the immediate community all of his life and was familiar with the road on which he was driving at the time the accident occurred.

The trial court instructed the jury that the plaintiff was a guest passenger in defendant's car and submitted the case to the jury under the law announced by this court in the case of Melby v. Anderson, 64 S. D. 249, 266 N. W. 135, 136. Under these instructions, the only question presented by this record is whether the jury was justified in finding that the accident was caused by "the gross negligence or wilful and wanton misconduct" of the defendant as required by chapter 147, Laws of 1933, and as defined by this court in the Melby v. Anderson Case.

The evidence is entirely sufficient in our opinion to render the defendant liable within the meaning of the statute. The defendant certainly did something in the operation of a motor vehicle which he should not have done. His every action from the moment he got the girls into the car until the time of the accident, indicated an attitude of mind which in our judgment amply justified a finding by the jury that his conduct transcended mere negligence and approached deliberate and intentional misconduct which defendant must have realized would in all probability result in disaster and injury to the plaintiff. Over the protests of this plaintiff and other occupants of the car, the defendant drove at a rate of speed and

in a manner which indicated an entire disregard of the rights and safety of the passengers in his car. Defendant knew of the turn in the road. This turn was clearly marked by a sign which other occupants of the car observed. In view of the prior actions and manner of the driving of the defendant and his statement to the effect that he was giving these passengers a "thrill ride" whether they liked it or not, his action in attempting to make this turn in the road while going 70 miles an hour was clearly conduct which the jury might find to be in the nature of deliberate and intentional misconduct which defendant realized would in all probability end in disaster.

Defendant relies upon certain Michigan cases referred to by this court in the case of Melby v. Anderson, supra. We find none of the Michigan cases material here or such as require any discussion with the exception of the case of Bobich v. Rogers, 258 Mich. 343, 241 N. W. 854. In that case the Michigan court as applied to the facts there involved, made the statement: "Whether a turn of the road can be made with reasonable safety at any particular speed depends, of course, upon the character and condition of the road and the skill of the driver. We cannot draw a line beyond which mere speed in making a turn departs from negligence and becomes willful and wanton misconduct." The opinion in the case does not disclose the rate of speed that defendant was driving when attempting to make the turn except that the speed violated a statute prohibiting a speed in excess of 20 miles per hour. The facts in the case we are here considering are such as to differentiate it entirely from the Michigan case. In this case there is something more than mere speed. The whole attitude of the defendant from the time the girls got into the car until the accident was an attitude which at least approached a deliberate and intentional desire to disregard the rights and safety of these girls. Turning this corner at 70 miles an hour was simply an incident in the whole conduct of the defendant which he must have realized if persisted in would end precisely in the manner in which it did. Certainly the objects and purposes sought to be served by the enactment of said chapter 147, Laws of 1933, were not such that defendant might thereunder claim exemption from this conduct, which, if not deliberately and intentionally wrongful clearly comes within the mean-

ing of "conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong."

The judgment and order appealed from are affirmed.

All the Judges concur.