STOLL, Respondent, v. WAGAMAN et al., Appellant

(40 N. W.2d 393)

(File No. 9059. Opinion filed December 15, 1949)

**M. Q. Sharpe,** Kennebec, **Herschel V. Melcher,** Chamberlain, for Appellant.

**Morgan & Fuller,** Mitchell, for Respondent.

SICKEL, J.   This action was brought to recover damages for personal injuries suffered in a motor vehicle accident.   The accident occurred on the evening of September 19, 1947, in Brule county.   Joyce Stoll, plaintiff, a girl fifteen years of age, resided in Chamberlain.   Emil Wagaman, defendant, invited the plaintiff and her companion, another girl of about the same age, to ride in a pickup truck.   The girls stood on the running boards of the truck, and after proceeding a distance of about a half mile the truck upset, and as a result plaintiff was seriously injured.   Plaintiff by her guardian ad litem contends that defendant negligently, willfully and wantonly drove the truck dangerously and at an unlawful rate of speed, thereby causing the truck to upset as a result of which the plaintiff was thrown from the truck and seriously injured.   The answer of defendant Wagaman is a general denial of plaintiff's allegations of negligent, willful and wanton driving and alleges as an affirmative defense that the plaintiff was his guest, riding without compensation; that she was negligent in riding on the running board of the truck and that her negligence was the proximate or contributing cause of her own injury; that she assumed all the risk of so riding and that the proximate cause of the injury to plaintiff was an unexpected road condition consisting of narrower crown and more

sloping shoulders than ordinary, by reason of which the right wheels of the truck slid off the grade at a turn in the road. Verdict was directed in favor of the defendant Manhalter at the close of all the evidence. The jury returned a verdict for plaintiff against defendant Wagaman in the sum of $6,000. Judgment was entered thereon and defendant Wagaman appealed.

The first assignment of error to be considered is that the evidence is insufficient to show willful and wanton misconduct on the part of the appellant. The liability of the owner or operator of a motor vehicle for damages to a guest is statutory. The statute is now SDC 44.0362 which reads as follows: "No person transported by the owner or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury, death, or loss for which the action is brought; and no person so transported shall have such cause of action if he has willfully or by want of ordinary care brought the injury upon himself." In the original statute which was Ch. 147, S.L. 1933 the words "gross negligence or" appeared before the words "wilful and wanton misconduct", in each instance. However, it was held by this court in Melby v. Anderson, 64 S.D. 249, 266 N.W. 135, that: "* * * there is no such thing as 'gross negligence' in the sense of great or much negligence, and the term as [employed] in the statutes does not mean something of a less degree than willful or wanton misconduct." The words "gross negligence" as used in the original statute were therefore held to be meaningless and the fact that they were omitted in the 1939 revision of the code, did not change the sense of the statute as interpreted in Melby v. Anderson, supra.

It is also said in Melby v. Anderson, supra, that "* * * to create liability under the statute there must be (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability

to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) omission to use such care and diligence to avert the threatened danger when, to the ordinary mind, it must be apparent that the result is likely to prove disastrous to another." The question is whether the evidence is sufficient to show that appellant was guilty of willful and wanton misconduct according to the above standards. In passing on this issue we shall consider the evidence in the light most favorable to respondent, giving her the benefit of every inference that may reasonably be drawn therefrom.

■ The jury was justified in finding that on September 19, 1947, Joyce Stoll, respondent, and Elaine Zeman aged fifteen and fourteen respectively, were attending high school in Chamberlain. Appellant was then twenty-five years of age, married and employed as a filling station attendant in Chamberlain. Defendant Manhalter owned the truck. He and appellant were visiting at a home in Chamberlain. Manhalter gave appellant permission to drive the car downtown to purchase cigarettes. Edwin Wagaman, a cousin of appellant age fifteen at the time, rode along and remained in the car until the upset. When appellant and Edwin Wagaman reached the car they saw the two girls walking on Main Street toward the Stoll home. Instead of going for cigarettes appellant turned south and overtook the girls at the driveway leading to the Stoll home. He invited them to ride in the pickup which they refused to do. The girls walked on to the Stoll home and appellant drove away. After respondent had changed her clothes and eaten a lunch the girls left the Stoll house to go to the Leiferman home which was three blocks north and one block west of the Stoll home, and then to a show. When they reached the street appellant again approached them from the north, stopped and again asked them to get in or on the pickup. At first the girls declined and started to walk toward town. The appellant backed the truck to the north of them, stopped and once more asked them to ride. After a few minutes of conversation, and on appellant's promise to take them to Leifermans, the girls consented to ride, not in the cab but on the running boards. Respondent stood

on the right and her friend on the left running board. Witnesses testified that appellant started the truck with a jerk and almost threw respondent off, after which she put her head through the cab window to keep from falling. Instead of turning around and taking the girls north on Main Street to the Leiferman home, as appellant had promised to do, he continued south a distance of four hundred feet to the end of Main Street, turned to the right and drove westward, entered the sanitarium grounds and passed in front of the sanitarium. At a point sixty-eight feet west of the front door of the sanitarium appears a fork in the road. One branch turns right and is used for the purpose of turning around, while the other turns left, passes the sanitarium on the west, and leads to the laundry. The grade on the laundry road is nine feet wide and three or four feet high. Appellant intended to turn right at this fork, but changed his mind and tried to turn left. He started the turn too late considering the speed at which he was traveling. He applied his brakes and the car skidded some twenty feet on the two right wheels, ran off the grade and tipped over.

The time of this incident was about 7 o'clock in the evening and it was dusk as shown by the fact that appellant had turned on the headlights of the truck. After appellant started the truck he told the girls that he was going to give them the ride of their lives. He accelerated the car so rapidly that it was impossible for the girls to get off with safety after the truck started. Respondent testified that she was obliged to hang on for dear life. The fact that the girls were scared and screamed at different times is verified by credible witnesses. Estimates of the speed of the truck range from forty to fifty miles per hour, when he entered the sanitarium grounds at the pillars, and he had not lessened his speed when he passed the sanitarium. At that point the truck was swaying, appellant was smiling and the girls were screaming. The distance traveled by the truck before the upset was something less than a half mile. By appellant's own testimony he had driven over all of the road before and knew the condition to be as described by the witnesses.

Appellant knew of the precarious position of the two

girls. It must have been obvious to him that the situation required at least ordinary care for their safety. Appellant was at the wheel and had absolute control of the truck. He therefore had the means to avoid the upset and the resulting injury, by the exercise of reasonable care. He not only failed to use due care to avoid danger to the girls but he consciously and recklessly so drove the truck during the course of travel as to constitute a menace to their safety. It must have been apparent that his conduct would, in all probability, produce the precise result which it did produce, and that it would bring harm to the respondent. We, therefore, find that the evidence is sufficient to justify the jury in finding that respondent's injury was caused by the willful and wanton misconduct of the appellant. · Melby v. Anderson, 64 S.D. 249, 266 N.W. 135; Martins v. Kueter, 65 S.D. 384, 274 N.W. 497.

The next question is whether plaintiff's contributory negligence bars recovery in this case. The guest statute provides: "* * * and no person so transported shall have such cause of action if he has willfully or by want of ordinary care brought the injury upon himself." This statute means that contributory negligence of the plaintiff is a defense to this kind of an action and the court so instructed the jury.

Appellant's contention that it was negligence for respondent to ride upon the running board of the truck may be accepted as sound. Whether such negligence was contributory depends upon whether it was a proximate cause of respondent's injury. Joslin v. Linder, 26 S.D. 420, 128 N.W. 500, 502. The evidence in this case shows that the negligence of respondent was not contributory for two reasons: (1) Appellant had actual knowledge of respondent's dangerous position at all times, and with such knowledge increased the hazard by his own recklessness; (2) She could not have extricated herself from her dangerous position on the running board with safety to herself, after the truck had started. Nielsen v. Richman, 68 S.D. 104, 299 N.W. 74; Haase v. Willers Truck Service, 72 S.D. 353, 34 N.W.2d 313. The upset of the truck and injury to respondent were not the logical consequences of respondent's negli-

gence in riding on the running board, but were the result of the willful and wanton misconduct of the appellant. Such misconduct was the intervening cause without which the upset of the truck and the consequent injury to respondent would not have happened. The negligence of respondent does not bar recovery in this action.

Finding no reversible error in the record the judgment of the circuit court is affirmed.

All of the Judges concur.