ANTONEN, Appellant, v. SWANSON, et al., Respondents

(48 N. W.2d 161)

(Files Nos. 9083 and 9144. Opinion filed May 22, 1951)

Rehearing denied July 26, 1951

4

**Walter Stover, O. E. Beardsley,** Watertown, for Appellant.

**McFarland & Paterson,** Watertown, for Respondent Carlie M. Swanson.

**Davenport, Evans, Hurwitz & Smith,** and **Robert C. Heege,** Sioux Falls, for Respondents Richard Leo Plouf, Sr., Richard Leo Plouf, Jr., and Mercantile Co.

ROBERTS, J. This is an action to recover damages for personal injuries sustained by the plaintiff while riding in a truck owned by defendant Richard Leo Plouf, Sr., doing business as the Mercantile Company, and being driven at the time of the accident by defendant Carlie M. Swanson.

It is alleged in the complaint that plaintiff at the time in question was a passenger in the truck and the acts of negligence as set out therein are that "defendant Carlie M. Swanson at said time had lost a great deal of sleep, was consciously groggy from loss of sleep, and was consciously unfit physically to drive said truck, but despite his physical condition the said defendant Carlie M. Swanson failed to take any steps to relieve himself from said groggy condition and continued to drive the said motor vehicle without notifying the plaintiff of said condition, and willfully and wantonly persisted in driving the same, and while doing so lost consciousness and ran the said truck into the abutment of a bridge at the edge of the highway upon which the said truck was being driven by the said defendant Carlie M. Swanson."

Defendants, by separate answers, put in issue the material allegations of the complaint.

At the close of plaintiff's case, counsel for defendants challenged the sufficiency of plaintiff's evidence upon the grounds that there was no evidence that the accident was caused by the willful and wanton misconduct of the driver

of the truck, that as to the owner there was no evidence that the driver of the truck was acting within the scope of his employment in permitting plaintiff to ride and that plaintiff's contributory negligence barred recovery. The trial court sustained the motions for directed verdict. An appeal from the judgment of dismissal on the merits was perfected by plaintiff on May 7, 1949, and an order was served upon the court reporter for a transcript of the testimony. The transcript and assignments of error were served upon the defendants on September 13, 1949. Defendants then moved to exclude from the record the transcript and assignments of error on the ground that plaintiff did not serve the same as required by SDC 33.0736 upon defendants within ten days after delivery thereof on May 25, 1949. A countermotion was then made by plaintiff to extend the time within which to serve and file transcript and assignments of error. After hearing, orders were entered denying the motion to strike and granting motion to extend the time to the date of actual service. This court granted petition for the allowance of appeals from these orders.

We will first consider and determine the procedural questions presented on the appeals from the orders.

■■ Affidavits were filed by counsel for plaintiff showing that Mr. Stover who handled the appeal from the judgment suffered from a heart disease which incapacitated him from attending to the duties of his practice much of the time from the latter part of May until the fore part of September, 1949, and this showing was sustantiated by affidavits of an attending physician. SDC 33.0108, classified by the chapter heading as a general provision relating to practice and procedure, provides that the court may "in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this title (Judicial Procedure, Civil), or by an order enlarge such time." The power conefrred by this section is discretionary arnd the determination of the trial court will not be disturbed except in cases where the court has clearly abused its discretion. This court said in Smith v. Atlas Elevator Co., 54 S.D. 373, 223 N.W. 319, where notice of intention to move for a new trial was not served within

the time prescribed by statute, that the illness of an attorney may be of such noture as to furnish good cause for an extension of time. There appears upon the facts presented herein and on the whole record no abuse of discretion. The appeal was takn promptly and there was no serious delay or resulting disadvantage to the defendants.

■■ In coming to this conclusion, we are not unmindful of the provision of SDC 33.0729 relating to relief from an omission caused by mistake or accident to do any act necessary to perfect or make an appeal effectual. There is another section, SDC 33.1610, which provides that the "Court or Judge upon good cause shown may extend the time within which any of the acts required by' this chapter (New Trials: Records; Exhibits) may be done; or may, after the time limitation therefor has expired, fix another time within which any of such acts may be done". SDC 33.0108 is general in its application. It is a rule of statutory construction that where a general statute covering an entire matter is so inconsistent to a special statute covering some particular part thereof that effect cannot be reasonably given to both the latter is to be read as an exception to the former. See State v. Mudie, 22 S.D. 41, 115 N.W. 107. Section 33.1610 provides that the time for presenting an application for new trial shall not be extended beyond the time limited by statute for appealing from the judgment. It could not be plausibly argued for instance that Section 33.-0108 authorizes a court to extend the time of hearing ·beyond such limitation. There may be other like situations, but we find no provision in Sections 33.0729 and 33.1610 that takes precedence as affecting the authority of the court in the instant case to extend the time within which to serve transcript and assignments of error.

### Plaintiff's Appeal.

As hereinbefore stated, the truck involved in the accident was owned by defendant Richard Leo Plouf, Sr. The record discloses that defendant Richard Leo Plouf, Jr., at the time of the accident had no interest in the business known as the "Mercantile Company" and the direction of the verdict in this favor is not challenged on appeal.

We will first consider the question of the liability of the driver of the truck. The evidence shows without conflict that defendant Swanson while driving the truck of his employer fell asleep and the truck swerved to the left side of the highway and struck a concrete abutment extending three or four feet above the surface of the highway at the end of a culvert. Plaintiff sustained serious injuries. Counsel for plaintiff assert that the evidence shows "that the defendant Carlie M. Swanson was sleepy prior to the accident and that prior to his arrival in Lake Norden had to sing in order to keep himself awake. The evidence also shows that prior to the accident the defendant Carlie M. Swanson's wife was ill and said defendant suffered from loss of sleep. The evidence further shows that the defendant Carlie M. Swanson did not feel well, but that he felt groggy, tired, and sick. The defendant Carlie M. Swanson did not advise the plaintiff that he was sick and that he had a malarial condition, but merely told the plaintiff that he was tired. Defendant Carlie M. Swanson drove the Mercantile Company truck easterly on the gravel road from Hayti, South Dakota, and stopped at Alsville to deliver further groceries. Still accompanied by the plaintiff, he drove north on South Dakota Highway 28 which is a gravel-surface road, whereupon he turned east to go to Stone Bridge, which is located at Lake Poinsett. A further delivery was to be made at Neiland's Resort. There was no indication to the plaintiff that the defendant Carlie M. Swanson was in any way driving negligently nor was there indication to the plaintiff that the defendant Carlie M. Swanson was sleepy or sick at the time of the accident or just prior thereto. As they proceeded easterly on the gravel road the truck suddenly veered to the north side of the road. The plaintiff hollered and the truck struck the north abutment of a bridge or culvert. Defendant Swanson says, 'It is very vague, but evidently I was either—had gone to sleep or else into a subconscious state of mind.'" Accepting this version of the evidence as to how the accident occurred, counsel for defendants contend that no willful and wanton misconduct is shown and the direction of a verdict was proper.

The authorities agree that a motorist falling asleep

while driving is guilty of negligence. In Bushnell v. Bushnell, 103 Conn. 583, 131 A. 432, 434, 44 A.L.R. 785, a leading case on this question, the court said: "In such a case, the question must be, Was the defendant negligent in permitting himself to fall asleep? Helton v. Alabama Midland Ry. Co., 97 Ala. 275, 284, 12 So. 276. The defendant argues that, granted that premise, then he cannot be charged with negligence because no man can tell when sleep will fall upon him. It is probably true that one cannot ordinarily fix with certainty upon the precise moment when he lapses into unconsciousness, but it is not true that ordinarily sleep comes unheralded. * * * In an ordinary case, one cannot go to sleep while driving an automobile without having relaxed the vigilance which the law requires, without having been negligent. It lies within his own control to keep awake or cease from driving. And so the mere fact of his going to sleep while driving is a proper basis for an inference of negligence sufficient to make out a prima facie case, and sufficient for a recovery, if no circumstances tending to excuse or justify his conduct are proven. * * * If such circumstances are claimed to have been proven, it then becomes a question of fact whether or not the driver was negligent; and, in determining that issue, all the relevant circumstances are to be considered, including the fact that ordinarily sleep does not come upon one without warning of its approach."

To the same effect are the following cases: Devlin v. Morse, 254 Mich. 113, 235 N.W. 812; Kaplan v. Kaplan, 213 Iowa 646, 239 N.W. 682; Rennolds' Adm'x v. Waggener, 271 Ky. 300, 111 S.W.2d 647; Whiddon v. Malone, 220 Ala. 220, 124 So. 516; Baird v. Baird, 223 N.C. 730, 28 S.E.2d 225; Krantz v. Krantz, 211 Wis. 249, 248 N.W. 155; see also annotations in 64 A.L.R. 136 and 138 A.L.R. 1388.

A careful review of the record leads us to the conclusion that there is no evidence that the driver of the truck was guilty of willful and wanton misconduct. Ordinary negligence is by the provisions of SDC 44.0362 eliminated as a basis for recovery in so-called guest cases. This statute provides that "No person transported by the owner

or operator of a motor vehicle as his guest without compensation for such transportation shall have cause of action for damages against such owner or operator for injury, death, or loss, in case of accident, unless such action shall have been caused by the willful and wanton misconduct of the owner or operator of such motor vehicle". The words "willful and wanton" in this statute, as interpreted by Melby v. Anderson, 64 S.D. 249, 266 N.W. 135, 137, "describe conduct which partakes to some appreciable extent, though not entirely, of the nature of a deliberate and intentional wrong. To bring the conduct of the defendant within the prohibition of this statute the jury must find as a fact that defendant intentionally did something in the operation of a motor vehicle which he should not have done or intentionally failed to do something which he should have done under such circumstances that it can be said that he consciously realized that his conduct would in all probability (as distinguished from possibly) produce the precise result which it did produce and would bring harm to the plaintiff." We adopted our guest statute from Michigan. In Boos v. Sauer, 266 Mich. 230, 253 N.W. 278, 279, the Supreme Court of that state had occasion to determine whether a truck driver falling asleep while driving was liable under such statute. The court said: "Gross negligence requires willful or wanton misconduct. Findlay v. Davis, 263 Mich. 179, 248 N.W. 588. To constitute gross negligence in falling asleep while driving there must have been such prior warning of the likelihood of sleep that continuing to drive constitutes reckless disregard of consequences. There must be an appreciation of the danger of falling asleep or circumstances which would cause a reasonably prudent person to appreciate it and proceeding in defiance of results. It has been held that prior warning may be by way of having before gone to sleep or dozed off." The evidence showed that the driver in that case became drowsy, but there was no such prewarning as to indicate that his continuing to drive amounted to reckless disregard of consequences.

In Perkins v. Roberts, 272 Mich. 545, 262 N.W. 305, the accident occurred at 1 o'clock in the morning when defendant fell asleep, drove on the wrong side of the highway and

collided with an approaching car. The evidence disclosed that when first drowsy defendant stopped his car and after smoking a cigarette felt refreshed and continued to drive. It was held that this was not evidence that defendant continued to drive in reckless disregard of premonitory symptoms. To the same effect is Butine v. Stevens, 319 Mich. 176, 29 N.W.2d 325, decided in 1947, wherein the court reviewed its prior decisions relating to liability for injury to a guest as the result of the drivers' falling asleep.

Manser v. Eder, 263 Mich. 107, 248 N.W. 563, cited by plaintiff, is distinguishable. There was a persistency in the driver's misconduct in that case after ample warning of his condition and refusal to permit his guest to leave automobile. The facts of that case are more nearly analogous to those appearing in Martins v. Kueter, 65 S.D. 384, 274 N.W. 497, 498, than to the facts in the present case. The decision in the Martins case characterized the conduct of the defendant as approaching "a deliberate and intentional desire to disregard the rights and safety" of the injured persons. This view was recently reiterated in Stoll v. Wagaman, 73 S.D. 186, 40 N.W.2d 393.

▉ Plaintiff also cites Blood v. Adams, 269 Mass. 480, 169 N.E. 412, and Jones v. Pasco, 179 Va. 7, 18 S.E.2d 258, 138 A.L.R. 1385. In Massachusetts gross negligence constitutes great negligence or the absence of slight diligence and does not necessarily partake of the nature of deliberate or intentional wrong. Cook v. Cole, 273 Mass. 557, 174 N.E. 271. Virginia has adopted the Massachusetts rule as indicated by the Jones case. Under the guest statute in this state as we have indicated, willful and wanton misconduct is something more than negligence of any sort. The cases cited, while apparently supporting plaintiff's contention, are not in point because of the difference in criterion of liability in guest cases. The trial court did not err in holding as a matter of law that Swanson was not guilty of willful and wanton misconduct.

▉ The evidence construed most favorably to plaintiff tended to show that he was on the truck at the invitation of defendant Swanson. Plaintiff testified: "I don't remem-

ber exactly where it was, but he was delivering off the truck, and he saw me * * *. He told me he was all tired out, and he said: 'Would you come along and help me finish this route?' To finish up, he had to go out to Al's, go to Big Stone Bridge, go to Castlewood and on into town that night." We have held that the guest statute does not apply to a passenger who has become such for the substantial benefit of the owner or operator of a motor vehicle. Scotvold v. Scotvold, ('3 S.D. 53, 298 N.W. 266; Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410. The evidence tends to show that plaintiff was a passenger not of his own volition, but for the purpose of rendering a requested service to defendant Swanson. The evidence was sufficient to justify recovery against him if the issue of ordinary negligence was in the case. It is argued that the complaint alleged a case of willful and wanton misconduct under the guest statute and recovery cannot be had on proof of negligence. It is alleged that plaintiff was a "passenger". The use of that term as referring to the relationship of the parties does not imply that plaintiff was a gratuitous guest within the meaning of the statute referred to. Peters v. Hoisington, supra. We recognize that ordinary negligence and willful and wanton misconduct are different in kind and character, but it does not follow that under an allegation of willful and wanton misconduct proof may not be made and recovery had for simple negligence. 65 C.J.S., Negligence, § 201 (2) (c). There was as to defendant Swanson a question of actionable negligence for the jury.

 We turn to the question of the liability of the defendant employer and of whether or not the evidence would warrant recovery as against him. The liability of an employer for the tortious acts of his employee rests upon the doctrine respondeat superior. Morman v. Wagner, 63 S.D. 547, 262 N.W. 78. The rule is established in this state, in harmony with decisions in other jurisdictions, that an employer is not liable for an act or omission of an employee that is not within the scope of his employment. Waaler v. Great Northern Ry. Co., 18 S.D. 420, 100 N.W. 1097, 70 L.R.A. 731; Anderson v. Chicago & N. W. Ry. Co., 59 S.D. 543, 241 N.W. 516; Morman v. Wagner, supra; 35

Am.Jur., Master and Servant, § 552. An employee has no implied authority to invite or permit a third person to ride in a motor vehicle in his charge and if, in so doing, the invitee sustains injuries through negligence of the employee, the employer is not liable, as the employee is not acting within the scope of his authority. Hartman v. Badger Tobacco Co., 210 Wis. 519, 246 N.W. 577; White v. Brainard Service Motor Co., 181 Minn. 366, 232 N.W. 626; McQueen v. People's Store Co., 97 Wash. 387, 166 P. 626; Slusher v. Hubble, 254 Ky. 595, 72 S.W.2d 39; Albers v. Shell Co., 104 Cal.App. 733, 286 P. 752; O'Leary v. Fash, 245 Mass. 123, 140 N.E. 282; Psota v. Long Island Ry. Co., 246 N.Y. 388, 159 N.E. 180, 62 A.L.R. 1163; Erickson v. Foley, 65 N.D. 737, 262 N.W. 177; Blashfield's Cyc. Auto Law and Practice, Vol. 5, § 1316. It may be noted in this connection that in a number of decisions concerning invitations by employees to ride in motor vehicles reference has been made to apparent authority. See annotation in 2 A.L.R.2d 406. In some instances, the term is used in a sufficiently broad sense to include implied authority. But there is no element of appearance of authority herein and we need not consider the application of the doctrine to a master and servant relationship. The burden was on the plaintiff to prove that Swanson had authority to invite or permit him to ride. It may be reasonable to presume that where the ownership of a motor vehicle is in a defendant that the driver is an employee and acting within the scope of his authority. There, however, is no implication that he has authority to invite or permit others to ride with him.

■■ The evidence does not tend to show that the driver of the truck had authority to invite plaintiff to ride or that defendant owner had knowledge that on previous occasions Swanson had invited or permitted persons to ride with him or that there was need of a helper on the truck and that Swanson acting within the scope of his authority picked up plaintiff as a helper. Plaintiff was in no sense an invitee of the owner of the truck and no liability against him could be founded on ordinary negligence. The ground of liability set forth in the complaint is based upon a willful and wanton act of the driver for which it is alleged the

defendant employer is responsible. According to some authorities, no liability can be founded upon either ordinary negligence or willful or wanton injury. O'Leary v. Fash, supra; Union Gas & Electric Co. v. Crouch, 123 Ohio St. 81, 174 N.E. 6, 74 A.L.R. 160. To the contrary, other courts reason that there is a difference between the act of inviting or permitting a person to ride which is outside of the scope of the employee's authority and the acts causing the accident which are committed by the driver in the operation of the motor vehicle and in the course of his employment. If the latter acts, it is said, are willful, wanton or reckless, the employer is liable even though the injured person's relation to him was that of a trespasser to whom there was only the duty to refrain from willful and intentional injury. 60 C.J.S., Motor Vehicles, § 399 (2). No contention is made that defendant employer entrusted his motor vehicle to an inexperienced or incompetent driver or entertained a conscious purpose to do a wrongful act. The driver at most was guilty of ordinary negligence and no question with respect to liability of an employer for injuries resulting from the driver's willful, wanton or reckless conduct is presented.

The appeals by defendants from the orders denying the motion to strike and granting the motion to extend time within which to serve transcript and assignments of error are affirmed. Upon the appeal of the plaintiff, the judgment is reversed as to defendant Swanson and affirmed as to the other defendants.

RUDOLPH, P. J., and SMITH and SICKEL, JJ., concur.

HAYES, J. dissents.