WAKEFIELD, Appellant v. SINGLETARY, Respondent

(80 N.W.2d 84)

(File No. 9593.   Opinion filed December 17, 1956)

**Smiley & Clark,** Belle Fourche, for Plaintiff and Appellant.

**Whiting, Lynn & Freiberg,** Rapid City, for Defendant and Respondent.

ROBERTS, P. J.   This is an action by the plaintiff, surviving husband of Alta M. Wakefield, deceased, on behalf of himself and seven children against Patricia Singletary to recover damages for wrongful death.   The complaint alleges that decedent was a guest in an automobile owned and operated by defendant and that her death resulted from an accident caused by the wilful and wanton negligence and misconduct of the defendant.

The answer admits that decedent was a guest passenger in defendant's automobile at the time of the accident, but denies any liability. At the close of plaintiff's case, defendant made a motion for directed verdict upon the ground that there was no evidence showing that the accident was caused by the wilful and wanton misconduct of the defendant. The court sustained the motion. Judgment of dismissal was entered from which this appeal was taken.

It is either admitted or conclusively established by the evidence adduced that Alta M. Wakefield accepted the invitation of the defendant to ride with her in her automobile from Eagle Butte, where they taught school, to Spearfish; that the accident occurred on March 12, 1955, between four and five o'clock in the afternoon on U. S. Highway 212 about three miles east of Nisland, South Dakota; that the right rear tire blew out, causing the defendant to lose control of the car and resulting in the car striking the left side of a truck approaching from the opposite direction and then going off the highway to the right; and that Mrs. Wakefield died as a result of injuries sustained in the accident.

Harvey Martin, an experienced automobile mechanic testified:

"Q. Mr. Martin, did you at any time advise the defendant that the rear tires, including the right rear tire, was not in a condition to make a trip over here? A. Yes; it was about four days before that.

"Q. Where was that? A. In the garage.

"Q. Did you point out the condition of the tires to her at that time? A. Yes.

"Q. What, if anything, did she tell you at that time and place? A. Well, she told me at the end of the month as soon as she got her check she was going to buy two new tires."

Defendant testified that she had talked with the mechanic concerning the condition of her tires and knew that they were worn, but did not inform Mrs. Wakefield of their condition; that she was not an experienced driver; and that at the time of the accident she was driving at a speed of fifty miles an hour. There was some evidence of the

presence of a boot in the deflated tire at the time of the accident, but there was no evidence of knowledge on the part of the defendant of this fact.

Plaintiff contends that the evidence viewed in the light most favorable to him was sufficient to warrant a finding that the accident was caused by the wilful and wanton misconduct of the defendant.

■ The liability of an automobile host for injuries in the absence of a statute is the lack of ordinary care for the safety of his guest and as this court has stated with respect to the operating condition of an automobile the host owes the duty of not unreasonably exposing his guest to danger by increasing or adding to the hazards of travel. Petteys v. Leith, 62 S.D. 149, 252 N.W. 18; Grant v. Matson, 68 S.D. 402, 3 N.W.2d 118. The guest statute, SDC 44.0362, has abrogated the common law rule. It limits the liability of the owner or operator of a motor vehicle for the death or injury of a gratuitous passenger to situations where the driver was guilty of wilful and wanton misconduct. Numerous decisions of this Court have construed the term "willful and wanton misconduct", the more recent of which are Stoll v. Wagaman, 73 S.D. 186, 40 N.W.2d 393; Antonen v. Swanson, 74 S.D. 1, 48 N.W.2d 161, 28 A.L.R.2d 1; Espeland v. Green, 74 S.D. 484, 54 N.W.2d 465; Gunderson v. Sopiwnik, 75 S.D. 402, 66 N.W.2d 510; Chernotik v. Schrank, 76 S.D. 374, 79 N.W.2d 4. The term "willful and wanton misconduct" as used in the statute is distinguished from negligence and as pointed out in the cases denoted a conscious realization by a defendant "that his acts will in all probability (as distinguished from possibility) produce the precise result which it did produce. Proof of failure to exercise that degree of care that an ordinarily prudent person would exercise under the same or similar circumstances will not suffice.

Gifford v. Dice, 269 Mich. 293, 257 N.W. 830, 96 A.L.R. 1477, was an action wherein wilful and wanton misconduct was predicated upon knowledge of the defendant that one of the front tires which blew out was in a weakened condition by reason of being worn through the tread and part of the fabric lining. The Court in sustaining a motion for directed verdict said: "A guest in an automobile accepts the

means of conveyance in the condition it is maintained by the owner, and cannot predicate an action for gross negligence or willful and wanton misconduct upon failure of the owner to inspect the car and keep it in such repair as to avoid the possibility of an accident. So, in this case, defendant owed no duty to plaintiff as his guest to keep the car tire in such a condition of repair as to prevent a blowout or to replace the worn tire by another. The owner of a car, under circumstances such as in the case at bar, is only required to provide his guest with the conveyance he provides for himself. * * * There is no willful and wanton misconduct on the part of an owner in driving a car needing repair and there is no different rule when he extends the aid of his conveyance gratuitously to another."

See also Anderson v. Anderson, 142 Kan. 463, 50 P.2d 995; Heesacker v. Bosted, 131 Neb. 42, 267 N.W. 177; Nesci v. Willey, Iowa, 75 N.W.2d 257; Woolf v. Holton, 240 Mo. App. 1123, 224 S.W.2d 861; Paxton v. Nichols, 157 Neb. 152, 59 N.W.2d 184; Fowler v. Franklin, 58 N.M. 254, 270 P.2d 389; and annotation in 24 A.L.R.2d 161.

■ The cases of Stoll v. Wagaman, supra, and Allen v. McLain, 75 S.D. 520, 69 N.W.2d 390, upon which plaintiff relies for reversal, reveal in each instance a conscious realization of the hazard involved and an affirmatively reckless state of mind. Viewing the evidence in the most favorable light to the plaintiff, it may establish ordinary negligence, but does not indicate any consciousness of probable injury. We conclude that the motion to direct a verdict was properly granted.

The judgment appealed from is affirmed.

All the Judges concur.