MOORE, Judge,
concurring in part and dissenting in part.
I concur with the main opinion to the extent that it affirms the summary judgment with regard to the negligence claim on the basis that that claim is barred by Alabama’s Guest Statute, § 32-1-2, Ala. Code 1975. With regard to the affirmance of the judgment as to the wantonness claim, however, I respectfully dissent.
The affidavit of Adam Ezekiel, the state trooper who responded to the accident, indicated that Jacquelynn Kristina Clark had “stated that she became tired from lack of sleep the previous night.” That statement, when viewed in a light most favorable to Deborah Glass, acting on behalf of her minor daughter, Laura Leigh Knight, indicates that Clark “‘ha[d] been without sleep for a considerable period of time and ha[d] experienced symptoms [i.e., sleepiness].’ ” Lankford v. Mong, 283 Ala. 24, 27, 214 So.2d 301, 303 (1968) (quoting C.T. Drechsler, Annotation, Physical Defect, Illness, Drowsiness, or Falling Asleep of Motor Vehicle Operator as Affecting Liability for Injury, 28 A.L.R.2d 12, 72 (1953)). Clark’s “ continu[ing] to drive under such circumstances’ ” constitutes substantial evidence from which a jury could infer wantonness. Id. Although there was also substantial evidence indicating that Clark had not been aware of her oncoming sleep, the conflicting substantial evidence precludes the entry of a summary judgment. See, e.g., Mobile Airport Auth. v. HealthSTRATEGIES, Inc., 886 So.2d 773, 786 (Ala.2004) (Johnstone, J., concurring in the result) (stating that “conflicting substantial evidence creates a genuine issue of material fact ... which precludes summary judgment”). Accordingly, I would reverse the trial court’s summary *1086 judgment on the wantonness claim and would remand the case for a jury trial on that issue.
THOMAS, J., concurs.