MILLIE PAPE, Respondent, *v.* RED CAB MUTUAL CASUALTY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, December 31, 1926.

Motor vehicles — liability of insurer — action by plaintiff, holding judgment for personal injuries against taxicab operator, to recover against insurer under casualty policy filed pursuant to Highway Law, § 282-b — taxicab owner filed notice of appeal from judgment, but failed to furnish undertaking thereon to stay execution — pendency of appeal in action against taxicab owner in absence of stay, does not suspend liability of insurer.

In an action by the plaintiff, in whose favor a judgment was rendered against a taxicab owner for personal injuries, to recover from the carrier furnishing the insurance to said taxicab owner, under section 282-b of the Highway Law, it is not a defense that, by reason of the pendency of an appeal, on which no undertaking staying execution had been furnished, in the action against the taxicab owner, said carrier is not liable because there has not as yet been, within the meaning of the policy a " final determination of the litigation after trial of the issue," since a reasonable construction of the statute under which said policy was filed merely requires that such a judgment be enforcible by execution and that only a stay thereof, pending appeal, suspends the liability of the insurer.

APPEAL by defendant from an order of the Municipal Court, Borough of Manhattan, Second District, denying its motion to open its default on a motion for summary judgment.

*John A. Mullen* [*Harrison W. Gebhardt* of counsel], for the appellant.

*Steckler & Steckler*, for the respondent.

LEVY, J. The plaintiff in a previous action against one Dunn recovered a judgment for personal injuries arising out of a taxicab accident. Notice of appeal was filed but no undertaking was furnished with no stay of execution resulting. This action was thereafter brought by the plaintiff against this defendant, which was Dunn's insurer, under a policy issued and filed pursuant to section 282-b of the Highway Law of the State (added by Laws of 1922, chap. 612, as amd. by Laws of 1925, chap. 315). Upon motion for summary judgment a default was suffered by the defendant who

thereafter sought to be relieved therefrom, which was denied. It is from the order denying this motion that the defendant appeals and urges as a defense upon the merits the following clause in the policy: " No action shall be maintained against the corporation under this policy unless brought after the amount of loss shall have been fixed either by a final determination of the litigation after trial of the issue or by agreement between the parties with the written consent of the corporation." This policy was filed pursuant to the statute which requires such filing of " a corporate surety bond or a policy of insurance in a solvent and responsible company authorized to do business in the state, approved by the commissioner,  * * *  conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle."

It is argued by the defendant that by reason of the pendency of the appeal in the action against the principal, there is such a lack of *final determination* of the main litigation, as to impose any liability upon it under the insurance policy. While the case of *Devlin* v. *N. Y. Mutual Casualty Taxicab Ins. Assn.* (213 App. Div. 152) is decisive in estopping the defendant from making this collateral attack upon the judgment against it suffered by default, nevertheless in the interest of a proper interpretation of a public statute, the point raised by the defendant would seem to merit elucidation.

Considering the obligation under the policy, apart from the language of the statute, the insurer was liable upon a " final determination of the litigation after trial of the issue." The expression is synonymous with final judgment. The latter, as is shown in *Dean* v. *Marschall* (90 Hun, 335, 338) is susceptible of two significations: " One, which in a strict legal sense is its true meaning, viz., a determination of the rights of the parties after a trial, whether such is the subject of review or not; and the other, its colloquial use or signification, which makes it synonymous with decisive, or a judgment that cannot be appealed from and which is perfectly conclusive upon the matter adjudicated."

The express language of the clause in the policy would seem to indicate that it was not intended to fix the insurer's liability upon the determination of the litigation beyond all possibilities of appeal. If there were any doubt in the matter, it is disposed of by the mandatory language of section 282-b of the statute in question which makes the indemnitor liable " for the payment of any judgment recovered " against the principal. A reasonable construction of the statute obviously requires that such a judgment must

be enforcible by execution, and that a stay thereof pending appeal suspends the liability of the insurer; otherwise, in case of a reversal upon such appeal, the indemnitor would remain bound although the principal had been excused.   Undoubtedly, this would produce a rather anomalous situation.   We find nothing in the utterances of Mr. Justice O'MALLEY in *Schroeder* v. *Columbia Casualty Co.* (126 Misc. 205) inconsistent with these views, because that decision was under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639), which imposes a liability upon the insurer radically different from that under section 282-b of the Highway Law.

Order affirmed, with ten dollars costs.

O'MALLEY, J., concurs in result.    Present — BIJUR, O'MALLEY and LEVY, JJ.