KNODEL COMMON SCHOOL DISTRICT NO. 58 et al., Appellants

v.

COUNTY BOARD OF EDUCATION OF YANKTON COUNTY, Respondent

(144 N.W.2d 38)

(File No. 10268. Opinion filed June 28, 1966)

**Charles Lacey,** Sioux Falls, for plaintiffs and appellants.

**Louis B. French,** Yankton, for defendant and respondent.

WUEST, Circuit Judge.

This case is here on appeal from the Circuit Court of Yankton County which affirmed a decision of the Board of Education of Yankton County that annexed Knodel District #58 to the Irene Independent District #77 under authority of SDC 1960 Supp. 15.2018, as amended by Chapter 73 of the Session Laws of 1963.

The assignments of error present these questions: (1) Was joint action of County Boards of Yankton, Turner and Clay Counties required? (2) Were the wishes of the electors taken into consideration?

The entire area of Knodel District, a common school district, lies within Yankton County, and the Irene Independent District lies within Yankton, Clay and Turner Counties. A majority of the children attending the Irene Independent District reside in Yankton County and for many years the Irene Independent District has been considered a part of the school system of Yankton County. Knodel District failed to operate a school during the two fiscal years preceding February 25, 1964, and the Yankton

County Board of Education adopted the resolution on appeal. Neither the Turner County Board of Education nor the Clay County Board of Education were present. At a separate meeting the Turner County Board of Education approved the action of the Yankton County Board; however, there has been no approval by the Clay County Board of Education. The action of the Yankton County Board was predicated upon the following portion of SDC 1960 Supp. 15.2018, as amended by Chapter 73 of the Session Laws of 1963:

"(1) The county board of education may attach any school district which has failed to operate a school during the preceding two school fiscal years to another school district or districts."

Appellants contend joint action was required by the Yankton, Turner and Clay Boards of Education under the first paragraph of the following statute: "Reorganization or organization of joint school districts. Any power or duty which a county board or county officer has under this chapter involving reorganization of its own school districts shall be performed jointly by all county boards and county officers of those counties containing territory involved in the reorganization of joint school districts." SDC 1960 Supp. 15.2006 as amended by Chapter 71, Session Laws of 1961.[1]

The circuit court held: "The only district involved, within the meaning of SDC 1960 Supp. 15.2006, as amended by Chapter 71, Session Laws of 1961, being Knodel District, joint action of County Boards of Education of Yankton, Turner and Clay Counties was not required."

■ "Involve" is a word difficult to define with precision. It has been held synonymous with "affect" and "involved" has been held synonymous with "affected". 48 C.J.S. p. 767. "Involve" imports the idea of implicate, include, affect. Words and Phrases, 22A p. 414. Among the definitions of the verb "involve" in Webster's Third New International Dictionary, unabridged, is

---

1.  This statute has since been amended. See Chapter 37, Session Laws of 1964, and Chapter 43, Session Laws of 1965.

found the following: "To have an effect on: concern directly: affect * * *." We are of the opinion that in the context "involved" is used in SDC 1960 Supp. 15.2006, as amended by Chapter 71, Session Laws of 1961, it means affected.

■ "Reorganization" is defined by statute to "mean and include the formation, consolidation, or subdivision of school districts." SDC 1960 Supp. 15.2001 (1) as amended by Chapter 69 of the Session Laws of 1961. Thus the attachment of a school district under provision of SDC 1960 Supp. 15.2018 as amended by Chapter 73 of the Session Laws of 1963, constitutes "reorganization" and requires the joint action of County Boards of Education of those counties containing territory involved, i. e., affected by the reorganization of joint school districts. SDC 1960 Supp. 15.2006 as amended by Chapter 71, Session Laws of 1961.

■ Manifestly, territory of the Irene Independent District would be affected by the annexation as its boundaries would be enlarged; therefore, Knodel District could not be attached to the Irene Independent District without the "joint action" of the Yankton, Clay and Turner County Boards of Education and the annexation attempted by the Yankton County Board of Education is a nullity. State ex rel. Bowman, Clerk, et al. v. Laman et al., 52 N.D. 60, 204 N.W. 845.

This holding is given fortification by the policy statement of the legislature in SDC 1960 Supp. 15.2007 (4) which provides:

"It is recognized that local communities may extend beyond county boundaries in many instances. Where this is the case the county boards of education of the counties affected must work jointly in the preparation of master plans. Any plan for the reorganization of school districts involving territory in two or more counties shall be prepared by joint action of the respective county boards which plan for the purpose of submission to the State Superintendent, as herein provided, shall be included in the master plan of the county where the majority of the children listed on the school census of the area are located. And if such proposed school district should at

> a later time become a school district entity its schools shall be considered a part of the school system of such county".

The latter statute relates primarily to reorganization by master plan; however, it is indicative of legislative policy.

■ SDC 1960 Supp. 15.2001 (9) defines a "joint district" to "mean a proposed school district involved in reorganization having territory in two or more adjoining counties." Respondent, therefore, contends, if Irene were being "proposed" it possibly would take joint action of the three boards. But, Irene is an existing district and a Yankton County District. Of course, Irene is an existing district until its corporate entity is changed by reorganization. That situation would be true of any district or districts before it or they are changed by reorganization.

A proposed district is not specifically defined by the statutes relative to reorganization; however, the term is used frequently when referring to reorganization by master plan. SDC 1960 Supp. 15.20.

"Propose" has been defined as "A term which is said to have many meanings. It has been defined as meaning to form as a purpose; to form or declare a purpose or intention; to offer as a plan or scheme; to put and hold before one's mind as a design or determination. 'Proposed' may mean 'contemplated and intended,' and denote 'fixed intention.' " 73 C.J.S. p. 218.

Obviously the districts, Irene and Knodel, had to be proposed before annexation, and the proposed district had territory in two or more adjoining counties. This contention is without merit.

SDC 1960 Supp. 15.2002 defines the various types of school districts within this state. It contains a paragraph which reads as follows:

> "For the purposes of this Act a school district which overlaps boundaries of a county is considered to be in

"that county where the majority of the children belonging to said district reside as determined by the official school census, and when once established as provided herein said district shall so remain until the boundaries thereof shall be changed under other provisions of this Act, provided, that any disputes arising under the provisions of this section shall be determined by the State Board of Education."

"This Act" refers to Chapter 41, Session Laws of 1955.

Respondent contends—because a majority of children belonging to Irene presently and for many years last past have resided in Yankton County and it has come under the jurisdiction of Yankton County, South Dakota, by and through its Superintendent of Schools, and Irene Independent District is a Yankton County District within the meaning of SDC 1960 Supp. 15.2002, therefore, joint action of the boards under SDC 1960 Supp. 15.2006, as amended by Chapter 71, Session Laws of 1961—is not necessary.

■ ■ This contention is erroneous. The original source of SDC 1960 Supp. 15.2006, as amended by Chapter 71, Session Laws of 1961, was also Chapter 41 of the Session Laws of 1955. The latter statute relates to a specific matter, while SDC 1960 Supp. 15.2002 pertains to a general situation. It is a familiar rule where there is in the same statute a particular enactment and also a general one, which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment. State v. Mudie, 22 S.D. 41, 115 N.W. 107, also see Antonen v. Swanson, 74 S.D. 1, 48 N.W.2d 161. This holding is also in accordance with the policy of the legislature heretofore quoted from SDC 1960 Supp. 15.2007(4).

The foregoing disposes of the appeal so we find it unnecessary to consider the second proposition; however, in this connection attention is directed to Chapter 41, Laws of 1966.

Reversed.

RENTTO, P. J., and ROBERTS, HANSON and HOMEYER, JJ., concur.

WUEST, Circuit Judge, sitting for BIEGELMEIER, J., disqualified.