In the Matter of the Exploration Permit Renewal of SILVER KING MINES, PERMIT EX–5.

No. 13406.

Supreme Court of South Dakota.

Argued Oct. 27, 1981.

Decided Feb. 3, 1982.

Rehearing Granted March 15, 1982.

James D. Leach, Rapid City, for appellant Black Hills Alliance.

Roxanne Giedd, Asst. Atty. Gen., Pierre, for appellees South Dakota State Conservation Commission and South Dakota Division of Conservation; Mark V. Meierhenry, Atty. Gen., and Curtis Wilson, Asst. Atty. Gen., Pierre, on the brief.

Marvin Truhe of Lynn, Jackson, Shultz & Lebrun, Rapid City, for appellee Silver King Mines.

DUNN, Justice.

This is an appeal from an order of the circuit court which denied the motion of Black Hills Alliance (appellant) to stay the uranium exploration activities of appellee Silver King Mines pending the outcome of the litigation challenging the legality of the renewal of Silver King Mines' uranium exploration permit.

Silver King Mines was initially issued a one-year uranium exploration permit in South Dakota in January of 1979. In November of 1979, Silver King Mines applied for renewal of its permit. Appellant challenged the issuance of the renewal at a contested hearing before the appellees South Dakota State Conservation Commission and South Dakota Division of Conservation in January of 1980. The renewal was granted in March of 1980.

Appellant appealed to circuit court the agency decision renewing the permit. It also moved under SDCL 1–26–32 for a stay of Silver King Mines' uranium mining activities pending the outcome of the appeal.

The circuit court denied the motion for stay on the ground that it did not have authority to issue such an order under SDCL 1–26–28. The circuit court also affirmed the findings of fact and conclusions of law of the administrative hearing which granted the permit renewal. Appellant appeals only from the order denying the motion for stay.

The threshold question is whether the appeal should be dismissed for mootness, since the 1980 permit year has already passed. This court has recognized that "an appeal will be dismissed as moot where, before the appellate decision, there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *Rapid City Journal v. Circuit Court, etc.,* 283 N.W.2d 563, 565 (S.D.1979). *See also Stanley County School v. Stanley County Ed.,* 310 N.W.2d 162 (S.D.1981); *Campbell v. Fritzsche,* 78 S.D. 593, 105 N.W.2d 675 (1960). Applying this test, the issue is technically moot for the permit in question has expired and the 1981 permit has already been granted.

This court has recognized a public interest exception to this general rule, however. The policy underlying this exception was summarized as follows in *Stanley County, supra* at 163:

"[i]t is a well-established rule that an appellate court may retain an appeal for hearing and determination if it involves questions of public interest even though it has become moot so far as the particular action or the parties are concerned .... The decision as to whether to retain a moot case in order to pass on a question of public interest lies in the discretion of the court and generally a court will determine a moot question of public importance if it feels that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions...."

quoting from 5 Am.Jur.2d *Appeal and Error* § 768 (1962).

The public interest exception will be invoked only if the following three criteria are established: "(1) general public importance, (2) probable future recurrence, and (3) probable future mootness." *Stanley County, supra* at 164, quoting from *Anderson v. Kennedy,* 264 N.W.2d 714, 717 (S.D. 1978).

The first prong of the test is satisfied, because recently uranium exploration has been a subject of substantial public controversy in South Dakota. The question concerning the power of the circuit court to stay uranium exploration pending renewal of an existing license is a very important question. The second and third prongs are met, since the question of the circuit court's power to stay uranium exploration will recurrently become moot before being decided on appeal, because each permit is issued for a one-year period. In light of the controversial nature of uranium mining, it is likely that this question will recur in the future.*

The second issue is whether SDCL 1–26–28 precludes the authority of the circuit court to grant a stay of Silver King Mines' uranium exploration activities pending appeal of the renewal application. SDCL 1–26–28 provides:

When a licensee has made timely and sufficient application for the renewal of a license or a new license with reference to any activity of a continuing nature, the existing license does not expire, until the application has been finally determined *by the agency,* and, in case the application is denied or the terms of the new license limited, until the last day for seeking review of the agency order or a later date fixed by order of the reviewing court. (emphasis added)

---

* *Camp v. Bjerke,* 273 N.W.2d 161 (S.D.1978), is inapposite. In the case before us, appellant contested the 1981 renewal at the administrative hearing. In light of the circuit court's prior refusal to stay the uranium mining activities pending appeal, it would have been futile for appellant to appeal the renewal to the circuit court. We will not require a party to a lawsuit to perform a futile act to preserve their right to appeal.

Appellees contend that under this statute, the 1979 license does not expire until the renewal application is "finally determined" either upon complete review within the appellate process or until the time for appeal has passed, if no appeal is taken. *See Wentzel v. Huebner*, 78 S.D. 471, 104 N.W.2d 476 (1960). We do not agree.

In *Wenzel*, we held that an insurance company's obligation to pay a tort judgment "shall have been finally determined" as of the date when there has been a complete review within the appellate process or when the time for appeal has passed. We have no quarrel with the holding of *Wenzel*, but we submit that it sheds no light on the Administrative Procedures Act. The Act provides for the extension of an existing license until the new or renewal application has been "finally determined by the agency." SDCL 1–26–28. The term "agency" as used in the context of the Administrative Procedures Act is defined in SDCL 1–26–1(1) as:

> [E]ach association, authority, board, commission, committee, council, department, division, office, officer, task force or other agent of the state vested with the authority to exercise any portion of the state's sovereignty. The term does not include the Legislature, the unified judicial system, any unit of local government or any agency under the jurisdiction of such exempt departments and units unless the department, unit or agency is specifically made subject to this chapter by statute[.]

In this instance, the agency is the State Conservation Commission which finally determined the matter by granting the renewal application in March of 1980. The agency could not be the circuit court or this court, since the unified judicial system is specifically excluded in the definition of agency. To require appellant to wait to request a stay until the renewal application has been finally determined on appeal would defeat the purpose underlying the stay.

This court has recognized that in determining the intention of the legislature we will presume that the words of the statute have been used to convey their ordinary, popular meaning. *Oahe Conservancy Subdistrict v. Janklow*, 308 N.W.2d 559 (S.D.1981); *Wood v. Waggoner*, 67 S.D. 365, 293 N.W. 188 (1940). It is a fundamental rule of statutory construction that all provisions within a statute must be given effect, if possible. *State v. Heisinger*, 252 N.W.2d 899 (S.D.1977).

The plain meaning of SDCL 1–26–28, giving effect to all provisions within the statute, is that where timely and sufficient application for renewal is made, the existing application does not expire until the application is finally determined *by the agency*, or, if the application is denied or the terms of the new license are limited, for a limited additional period. It would be contrary to the plain meaning of the statute to imply that final determination refers to the completion of all judicial appeals, when the statute specifically states "finally determined by the agency." Therefore, the initial 1979 exploration permit expired in March of 1980 when the State Conservation Commission made its final determination granting the renewal license. Appellant was then entitled to appeal from this determination to the circuit court under SDCL 1–26–30.2 and to request the circuit court to grant a further stay of proceedings under SDCL 1–26–32. The circuit court erred in refusing to determine within its discretion whether a further stay under SDCL 1–26–32 was appropriate in this case.

We would reverse the order of the circuit court denying a stay; however, because the action which the appellants sought to restrain, i.e., uranium exploration under their 1980 permit, has passed, the stay cannot be given. We do not remand this case for further proceedings and we dismiss the appeal.

WOLLMAN, C. J., and FOSHEIM, J., concur.

HENDERSON, J., concurs specially.

MORGAN, J., dissents.

HENDERSON, Justice (specially concurring).

Chief Justice Charles Evans Hughes once wrote: "The cardinal principle of statutory construction is to preserve and not to destroy." The majority opinion preserves the statute. "[F]inally determined by the agency" does not mean "finally determined by the courts." SDCL 1–26–28 should not be enlarged beyond its face. "[T]his court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning and do not lead to an absurd or unreasonable conclusion." *Ogle v. Circuit Court, Tenth (now Sixth) Judicial Circuit*, 89 S.D. 18, 21, 227 N.W.2d 621, 623 (1975).

Appellant requested injunctive relief and it was denied; no evidence was permitted to determine if injunctive relief was proper. The grant or refusal of an injunction is a matter of equitable jurisdiction and lies within the discretionary power of a court. "It is settled in this state that injunction is not granted as a matter of course. Its grant or refusal rests in the sound discretion of the trial court under the facts of each particular case [.]" *Foley v. City of Yankton*, 89 S.D. 160, 165, 230 N.W.2d 476, 478 (1975). Appellant cannot, and does not, maintain that the circuit court was required to grant a stay. However, appellant advocates, and rightly so, that the circuit court should have reviewed its showing, considered its evidence and argument, and then made a substantive ruling on the merits of the application for a stay. As mining exploration and the development of raw materials for energy take on an added importance to our nation, the forces of industrial technology and the concern of environmentalists clash. We see it here in South Dakota. It exists in this case.

Those of us involved in the daily struggles of the law know how painfully slow the disposition of an administrative appeal through the circuit court and Supreme Court can be. It is critical that competing ideas and forces may be fairly and timely heard. Axiomatic, I would think, is the right to be heard on the merits of an application for a stay to preserve the rights of the complaining party, pending the outcome of the litigation in chief. Otherwise, the very activity in question assumes a hue of permanency. Our courtroom doors must be open to hear the cry of the people, whomever they may be and whatever cause they may espouse, when they ask for redress of wrongs or alleged wrongs by an administrative agency. The courts are the last refuge for the people. And the courts must respond, lest there be a great indignation against them.

As one reads SDCL 1–26–28, it is difficult to envision that a fair interpretation thereof would preclude the equity side of a circuit court from issuing a stay. "In ascertaining the intention of the statute, the court's interpretation should not prejudice the public interest or impair an existing right unless language within the statute requiring it to have such operation is so clear that no reasonable doubt can exist of such intention." *State Theatre Co. v. Smith*, 276 N.W.2d 259, 263 (S.D.1979).

MORGAN, Justice (dissenting).

I respectfully dissent.

The literal interpretation attributed by the author to the phrase "final determination of the agency," found in SDCL 1–26–28, deprives the statute of any logical or sensible purpose. The author's interpretation creates an anomaly in the Administrative Procedures Act.

On the one hand, an agency renews a license because the applicant complied with relevant statutes and regulations. If the Conservation Commission renews the license, the mere filing of an appeal automatically requires the licensee to suspend a continuing operation. SDCL 1–26–32. On the other hand, administrative bodies refuse to renew licenses because the applicant has not complied with relevant statutes and regulations. Where such a renewal is denied, however, the applicant may continue operations for, at least, thirty days. SDCL 1–26–28. Thus, the author's interpretation of SDCL 1–26–28 rewards an applicant's noncompliance while it penalizes applicants

who comply with the law. Surely, the legislature did not intend this result.

We read statutes to give effect to all provisions. *State v. Heisinger*, 252 N.W.2d 899 (S.D.1977). Similarly, multiple statutes covering the same subject matter are construed to give effect to each statute. *Kinzler v. Nacey*, 296 N.W.2d 725 (S.D.1980); See *State v. Cheney*, 261 N.W.2d 674, 676 (S.D.1978). Moreover, SDCL 1–26–32 applies generally to all appeals subject to the APA. Conversely, SDCL 1–26–28 is a specific statute applying to appeals from requests to renew existing licenses. A specific enactment prevails over the terms of the general enactment. See *Antonen v. Swanson*, 74 S.D. 1, 48 N.W.2d 161, 164 (1951); *Knodel Common Sch. Dist. No. 58 v. County Bd. of Ed.*, 82 S.D. 185, 144 N.W.2d 38, 42 (1966); *Clem v. City of Yankton*, 83 S.D. 386, 160 N.W.2d 125, 134 (1968).

With these canons of construction in mind, I view the phrase "final determination of the agency" in "its *colloquial use or signification* which makes it synonymous with decisive, or a judgment that cannot be appealed from, and which is perfectly conclusive upon the matter adjudicated." *Pape v. Red Cab Mut. Casualty Co.*, 128 Misc. 456, 219 N.Y.S. 135, 136 (1926). Given that connotation, the licensee may continue operations until the entire appellate process is completed by the courts. A final determination of an agency decision is reached when the reviewing court, after deciding the correctness of the matter on review, affirms the decision or remands it to the agency for reconsideration and a decision in accord with that court's directive. *Chicago, M., St. Paul & P. R. Co. v. Bd. of Com'rs*, 248 N.W.2d 386 (S.D.1976).

Additionally, this interpretation is consistent with other APA provisions affecting agency decisions after appeal, i.e., SDCL 1–26–34, providing for additional evidence and modification of the decision by the agency after appeal; SDCL 1–26–35, confining nonjury review to the agency records unless procedural irregularities are alleged, and SDCL 1–26–36, giving great weight to agency findings and direction to courts for disposition.

This interpretation does not automatically insure that renewals will be granted *ad infinitum* once the original license is issued, as we saw recently in *Application of Union Carbide Corp.*, 308 N.W.2d 753 (S.D.1981). A reversal of the agency decision granting a permit effectively breaks the chain. The applicant for a license must begin the process anew and apply for a new license with whatever additional procedural or substantive burdens that places upon him.