### In the Matter of the EXPLORATION PERMIT RENEWAL OF SILVER KING MINES, PERMIT EX–5.

### No. 13406.

Supreme Court of South Dakota.

Rehearing April 26, 1982.

Decided Aug. 25, 1982.

James D. Leach, Rapid City, for appellant Black Hills Alliance.

Roxanne Giedd, Asst. Atty. Gen., Pierre, for appellees South Dakota State Conservation Com'n and South Dakota Div. of Conservation; Mark V. Meierhenry, Atty. Gen., and Curtis Wilson, Asst. Atty. Gen., Pierre, on brief.

Marvin Truhe of Lynn, Jackson, Shultz & Lebrun, Rapid City, for appellee Silver King Mines.

MORGAN, Justice (on rehearing).

This case is before us on the petition of Silver King Mines for rehearing. The parties are referred to herein as they were referred to in the original opinion. The procedural background of the case is detailed in *Matter of Silver King Mines, Permit EX–5*, 315 N.W.2d 689 (S.D.1982), and is capsulized as follows.

Silver King Mines held a one-year uranium exploration permit. In November, 1979, Silver King Mines applied for a renewal of the permit, which was challenged by Black Hills Alliance (appellants), an ecology group, at a contested hearing before the South Dakota State Conservation Commission and the South Dakota Division of Conservation (appellees) in January of 1980. The Conservation Commission granted the permit in March of 1980 and appellants immediately appealed the agency decision to the circuit court and moved for stay of Silver King Mines' uranium exploring activities under SDCL 1–26–32 pending the outcome of the appeal. The trial court denied the motion for stay on the grounds that SDCL 1–26–28 precludes a reviewing court from granting a stay pending appeal. The trial court later affirmed the administrative action. Only the ruling on the denial of the stay was the subject of the appeal to this court. In our previous opinion, a majority of the court held: (1) that the issue was not moot, and (2) that the trial court erred in refusing to determine whether within its discretion, a further stay under SDCL 1–26–32 was appropriate. *Matter of Silver King Mines, Permit EX–5, supra.*

Silver King Mines' petition for rehearing suggests that in arriving at the latter issue, the majority misconstrued the plain language of SDCL 1–26–28 by equating "the final determination" as termed therein with "the decision appealed from," as termed in SDCL 1–26–30.2. A majority of the court now agrees and we affirm the action of the trial court.

Three statutes interact in our examination of this issue. SDCL 1–26–30.2 provides that: "An appeal shall be allowed in the circuit court to any party in a contested case from a final decision, ruling or action of an agency." SDCL 1–26–32 provides, in pertinent part, that: "The appeal shall operate as a stay of all proceedings under such order or decision for a period of ten days, but shall not operate as a stay for a longer time, unless the court, upon at least three days notice to the parties and the agency, shall in its discretion order a further delay, pending final decision of such court." SDCL 1–26–28 provides, in pertinent part, that: "When a licensee has made timely and sufficient application for the renewal of a license . . . the existing license does not expire, until the application has

been finally determined by the agency. . . ."

We read statutes to give effect to all provisions. *State v. Heisinger*, 252 N.W.2d 899 (S.D.1977). Similarly, multiple statutes covering the same subject matter are construed to give effect to each statute. *Kinzler v. Nacey*, 296 N.W.2d 725 (S.D.1980); See *State v. Cheney*, 261 N.W.2d 674, 676 (S.D.1978). Moreover, SDCL 1–26–32 applies generally to all appeals subject to the APA. Conversely, SDCL 1–26–28 is a specific statute applying to appeals from requests to renew existing licenses. A specific enactment prevails over the terms of the general enactment. See *Antonen v. Swanson*, 74 S.D. 1, 48 N.W.2d 161, 164 (1951); *Knodel Common Sch. Dist. No. 58 v. County Bd. of Ed.*, 82 S.D. 185, 144 N.W.2d 38, 42 (1966); *Clem v. City of Yankton*, 83 S.D. 386, 160 N.W.2d 125, 134 (1968).

*Matter of Silver King Mines, Permit EX–5*, 315 N.W.2d at 693 (J. Morgan dissenting).

The first two statutes, SDCL 1–26–30.2 and 1–26–32, authorize appeal from a contested agency decision and provide for a stay of all proceedings under the decision for a period of ten days or for a longer period if the circuit court shall order a further stay. Absent SDCL 1–26–28, an appeal from any renewal of a permit of a continuing nature would automatically shut down the business or service operating under such a permit for a period of ten days without any recourse by the permit holder and without any liability for damages to be imputed to the appellant.

The issue then is whether SDCL 1–26–28 changes this result and if so, why? We hold that it does. SDCL 1–26–28 is a specific statute which limits its application to renewals of existing licenses or permits. The legislature provided therein that such license or permit as is subject to the renewal proceedings does not expire until the "final determination" on the application by the agency. The term "final determination" is unique in the context of SDCL ch. 1–26. In the first two statutes quoted

above the term used is "final decision." This appears to be intentional when we note that SDCL 1–26–30.1 allows appeals from an inferred decision; SDCL 1–26–30.2 requires designation of the decision from which the appeal is taken; SDCL 1–26–34 allows the taking of additional evidence before the agency upon direction of the circuit court; and, SDCL 1–26–36 provides that the decision may be "affirmed, reversed or *modified*" (emphasis added). Further, SDCL ch. 1–26 and its appellate provisions apply to far more than uranium permits. Numerous other business and service activities operate under renewable permits or licenses. We cannot conceive that the legislature would provide an appellate structure whereby a business could be automatically shut down for ten days upon the filing of an appeal by a disgruntled opponent. Rather, we perceive that SDCL 1–26–28 is a special provision relating to permit or license renewal proceedings as opposed to the general provisions relating to permit or license application proceedings in SDCL ch. 1–26 and particularly in SDCL 1–26–32.

The term "final determination" is used in "its *colloquial use or signification*, which makes it synonymous with decisive, or a judgment that cannot be appealed from, and which is perfectly conclusive upon the matter adjudicated." *Pape v. Red Cab Mut. Casualty Co.*, 128 Misc. 456, 457, 219 N.Y.S. 135, 136 (1926) (emphasis added) citing to *Dean v. Marshall*, 90 Hun. 335, 338, 35 N.Y.S. 724, 725 (1895). Under this interpretation

the licensee may continue operations until the entire appellate process is completed by the courts. A final determination of an agency decision is reached when the reviewing court, after deciding the correctness of the matter on review, affirms the decision or remands it to the agency for reconsideration and a decision in accord with that court's directive.

*Matter of Silver King Mines, Permit EX–5*, 315 N.W.2d at 693 (J. Morgan dissenting) citing to *Chicago, M., St. Paul & P. R. Co. v. Bd. of Com'rs*, 248 N.W.2d 386 (S.D.1976).

We do not equate the continuing stay of proceedings provided for in SDCL 1–26–32 with injunctive relief. If, indeed, appellant had other grounds for appeal to the circuit court such as, perhaps, environmental damage, the appellant could have pursued an equitable proceeding for injunction as outlined in the statutes.

Finally, we see no other reason for the legislature to have enacted SDCL 1–26–28 if it is not applicable as we have herein determined.

We affirm the decision of the trial court.

WOLLMAN, C. J., and FOSHEIM, J., concur.

DUNN and HENDERSON, JJ., dissent.

DUNN, Justice (dissenting).

I respectfully dissent.

SDCL 1–26–28 provides for the extension of an existing license until the new or renewal license has been "finally determined by the agency." Silver King Mines' petition for rehearing contends this statute continues a preexisting license until the renewal application is "finally determined," either upon complete review within the appellate process or until the time for appeal has passed, if no appeal is taken. I cannot agree with this interpretation.

The majority contravenes the plain meaning of SDCL 1–26–28 when it concludes "finally determined by the agency" refers to the completion of all judicial appeals. "Agency," as defined in SDCL 1–26–1(1), does not include the circuit court or this court, since the Unified Judicial System is specifically excluded from the definition. To determine that SDCL 1–26–28 cannot be utilized until complete review within the appellate process is concluded is to seriously misinterpret the plain meaning of this statute as intended by the legislature.

Further, I can see no occasion for engaging in the mental gymnastics required to misinterpret the plain wording of SDCL 1–26–28 in order to accommodate some possible danger perceived by appellee in another statute. If the ten-day stay provided in SDCL 1–26–32 results in some dire consequences in the future, we can then deal with the problem, or better yet, the legislature can resolve the situation by amendment. It is not at issue here.

I would re-affirm the decision made by this court in *Matter of Silver King Mines*, 315 N.W.2d 689 (S.D.1982).

I am authorized to state that Justice HENDERSON joins in this dissent.