**FIRST FEDERAL SAVINGS BANK OF SOUTH DAKOTA, Plaintiff and Appellee,**

v.

**Tracy E. HAMBLET, Jr., and Barbara E. Hamblet, Defendants and Appellants.**

No. 17586.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1992.

Decided Feb. 26, 1992.

George E. Grassby of Whiting, Hagg & Hagg, Rapid City, for plaintiff and appellee.

Myron C. Lindquist, Kemnitz Law Offices, Philip, for defendants and appellants.

HENDERSON, Justice.

PROCEDURAL HISTORY/ISSUE

This action was commenced by appellee First Federal Savings Bank of South Dakota (First Federal) against appellants (Hamblets), upon a complaint requesting declaratory judgment to ascertain rights to insurance proceeds incident to a mortgage and note obligation.

In October 1990, Hamblets filed a motion for summary judgment. During the same month, First Federal countered with its own motion for declaratory relief or summary judgment. In November 1990, trial court granted First Federal's motion for summary judgment. In April of 1991, trial court filed judgment on its ruling on First Federal's motion for declaratory relief or summary judgment. At that same time, trial court also filed an Order compelling First Federal to accept the insurance proceeds based on Hamblets' voluntary motion to compel First Federal to satisfy Ham-

blets' debt in full satisfaction of the note and mortgage.

On appeal, Hamblets raise the following issue:

*Did trial court err by holding that First Federal was entitled to demand payment in full of Hamblets' promissory note from proceeds of the casualty insurance?* We do not reach this decision because we determine the appeal is moot, as discussed below, and we accordingly dismiss.

## FACTS

On August 24, 1976, Hamblets borrowed $44,800 from First Federal for the purchase of a residence. Hamblets executed a promissory note in the sum of $44,800.00 and a mortgage in favor of First Federal. Under the terms of the promissory note and mortgage, Hamblets were required to, inter alia, "*... furnish insurance with proper mortgage loss payable clause covering said property of the kind and type required by the holder of this note for at least the amount due hereon.*"

Further, the note provided that, "*...* [u]pon any default under this obligation, or the instrument securing it, at the option of the holder of this note, the unpaid balance of this note and any advances made under it, or the instrument securing it, together with interest, shall become due and payable, time being the essence of this contract."

The mortgage obligated the Hamblets to, "*... [c]omply with all the covenants and agreements contained herein and in the note above referred to, ... and furnish insurance therefor,* it being understood that all of the covenants and agreements contained in said note are secured by this mortgage." Each of the obligations articulated in the mortgage is restated in the note.

On December 13, 1989, Hamblets' residence and all improvements located on the realty were destroyed by fire. At the time of loss of the residence, Hamblets maintained an insurance policy on the property which contained a mortgage loss-payable clause in favor of First Federal. Ham-

blets' insurance company issued a check made payable to both First Federal and Hamblets in an amount in excess of $100,-000.00, for the full value of the residence plus debris removal.

First Federal claimed the right to immediate full payment for the outstanding loan balance. Hamblets claimed the right to continue making regular monthly installment payments on the outstanding loan balance. Both parties entered into an agreement and deposited funds adequate to secure the payoff of the note and mortgage into an interest bearing account, pending final determination of rights and obligations.

## DECISION

On November 20, 1990, Hamblets voluntarily brought a motion before the trial court to compel First Federal to accept fire loss proceeds in full satisfaction of the note, mortgage and judgment. On April 17, 1991, trial court granted Hamblets' motion and entered an Order compelling First Federal to accept the insurance proceeds. This forced First Federal to satisfy the judgment and record a Satisfaction of Mortgage with the Register of Deeds. Based on this, we are compelled to dismiss Hamblets' appeal on the grounds that the issue raised on appeal is moot.

This Court uses the following criteria to ascertain if an issue is moot:

Before an appeal will be dismissed on the grounds that the questions involved has become moot it must appear clearly and convincingly that the actual controversy has ceased; it must appear that the only judgment which could be entered would be ineffectual for any purpose and would be an idle act concerning rights involved in the action.

*Aetna Life Ins. Co. v. Satterlee,* 475 N.W.2d 569, 572 (S.D.1991) (citing *Save Centennial Valley Ass'n., Inc. v. Schultz,* 284 N.W.2d 452, 455 (S.D.1979)); *see, Matter of Silver King Mines,* 315 N.W.2d 689, 690 (S.D.1982). In the present case, Hamblets voluntarily petitioned the trial court to compel First Federal to accept the insur-

ance proceeds and therefore satisfy the note and mortgage. First Federal complied with the court's order. Hence, the insurance proceeds are no longer held in an interest bearing account accomplished through an agreement; First Federal no longer has in place a valid note on the realty in question; First Federal no longer has a first and valid mortgage on the realty; a mortgage is no longer recorded at the Register of Deeds; no payments are due under a note and mortgage and no insurance policies are maintained under a note and mortgage for the benefit of First Federal. No agreements or legal obligations actually remain between the parties. It is clearly and convincingly apparent that the actual controversy ceased when, after Hamblets moved to compel First Federal to satisfy and comply with the judgment, First Federal executed on the judgment. Any relief which could be entered would be ineffectual for any purpose concerning rights involved in this action. A decision by this Court could not have any practical effect on the existing controversy.

Appeal dismissed.

MILLER, C.J., and WUEST, SABERS and AMUNDSON, JJ., concur.